UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40967
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERTO BOLIVAR-MUNOZ,

Defendant-Appellant,

\* \* \* \* \* \* \* \* \* \* \* \*
_____

No. 01-41466
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MENDOZA-CARBAJAL,

Defendant-Appellant.

_____

Appeals from the United States District Court for the
Southern District of Texas
_____

November 20, 2002

Before SMITH and BENAVIDES, Circuit Judges, and FITZWATER,[*] District Judge.

BENAVIDES, Circuit Judge:

The appellants challenge for the first time on appeal the authority of the magistrate judges who conducted their respective guilty plea hearings. Although the appellants had consented to allocute before the magistrate judge, the district judge did not formally refer the case until *after* the guilty plea hearing and the issuance of the reports and recommendations. This precise issue apparently is one of first impression for this Court. Guided by our precedent, we conclude that this error was procedural and waived.

I.      BACKGROUND

A.      Bolivar-Munoz

On May 8, 2001, a grand jury indicted Alberto Bolivar-Munoz on one count of being illegally present in the United States after deportation for an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a)-(b). On May 16, 2001, Bolivar-Munoz consented to allocute and plead guilty before Magistrate Judge Felix Recio, who filed a report and recommendation on Bolivar-Munoz's plea and sentence that same day. The district judge, however, did not enter an order referring the case to Magistrate Judge Recio until May 17, 2001, a day after Bolivar-Munoz's guilty plea and Magistrate Judge Recio's report and recommendation. Nevertheless, on August 13, 2001, the district judge adopted Magistrate Judge Recio's report and recommendation, accepted Bolivar-Munoz's plea, and sentenced Bolivar-Munoz to seventy months in custody and three years of supervised release.

---

[*] District Judge of the Northern District of Texas, sitting by designation.

Bolivar-Munoz did not object on any point, including the magistrate judge's authority to preside over his plea allocution.

### B. Mendoza-Carbajal

On August 14, 2001, a grand jury indicted Jesus Mendoza-Carbajal on one count of transportation of an illegal alien in furtherance of the alien's entry into and presence in the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) & 1324(a)(1)(A)(v)(II). On August 28, 2001, Mendoza-Carbajal consented to allocute and plead guilty before Magistrate Judge John W. Black, who filed a report and recommendation on Mendoza-Carbajal's plea and sentence on August 29, 2001. The district judge, however, did not enter an order referring the case to Magistrate Judge Black until August 30, 2001, two days after Mendoza-Carbajal's guilty plea and one day after Magistrate Judge Black's report and recommendation. Nevertheless, on December 3, 2001, the district judge adopted Magistrate Judge Black's report and recommendation, accepted Mendoza-Carbajal's plea, and sentenced Mendoza-Carbajal to twelve months and a day in custody and three years of supervised release. Mendoza-Carbajal did not object on any point, including the magistrate judge's authority to preside over his plea allocution.

### II. ANALYSIS

Bolivar-Munoz and Mendoza-Carbajal argue that the respective magistrate judges lacked authority to preside over their plea allocutions because the district judge had not yet entered proper referral orders. The appellants consented to allocute before the respective magistrate judges, but they contend that Article III requires a proper referral order before a magistrate judge may preside over a plea allocution. Although the appellants correctly argue that the district judge must enter a proper referral order before the magistrate judge may proceed, they incorrectly conclude that this error

3

amounts to a jurisdictional defect. The magistrate judges did not enter judgment under 28 U.S.C. § 636(c)(1), but simply filed the respective reports and recommendations under 28 U.S.C. § 636(b)(3). Thus, as explained below, this constitutes procedural error that the appellants waived by failing to object before the district judge entered judgment.

### A.     ORDER OF REFERRAL

The district judge assigned these causes to the respective magistrate judges pursuant to 28 U.S.C. § 636(b)(3), which provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." We begin the analysis by recognizing that a magistrate judge has the statutory authority or jurisdiction to conduct a felony guilty plea proceeding as an "additional duty" pursuant to § 636(b)(3). *United States v. Dees,* 125 F.3d 261, 266 (5th Cir. 1997). We must now determine whether the district judge in the instant cases properly delegated the authority to the magistrate judges.

The government argues that a memorandum issued by Judge Hilda Tagle to Magistrate Judge Black served as a general and prospective referral order to all magistrate judges in civil cases and felony guilty pleas. The October 1998 Memo instructs Magistrate Judge Black with respect to procedures for civil cases and felony guilty pleas. According to the government, the October 1998 Memo is located in the "administrative records" of the two magistrate judges in the Brownsville Division of the Southern District of Texas.

The October 1998 Memo does not serve as a proper referral order for the Defendants' cases. Indeed, the language of the October 1998 Memo belies its alleged status as a general and prospective referral order. The October 1998 Memo is labeled a "Memorandum," not an "Order of Referral." The October 1998 Memo also instructs the magistrate judge on five steps that "we must take" for the

4

magistrate judge to preside over plea allocutions.  The second step states that "[a]n order of referral to the magistrate will be entered after the consent form is signed."  Only then, in the third step, should the magistrate judge "take the guilty plea and file an R[eport] &R[ecommendation] about acceptance of the plea."  Judge Tagle's memorandum indicates that she intended to continue entering specific referral orders and apparently intended the October 1998 Memo as nothing more than procedural instructions for the magistrate judge.  Tellingly, according to the appellants, Judge Tagle recently re-took several guilty pleas in cases in which the referral order was entered subsequent to a magistrate judge's accepting a guilty plea.[1]

Accordingly, we are constrained to find that the October 1998 Memo was not a proper referral order, and it is undisputed that the district judge entered the referral orders in these cases after the respective plea allocutions.  Thus, the district judge had not entered a proper referral order at the time the magistrate judges presided over the appellants' guilty plea hearings.[2]

### B.    JURISDICTIONAL OR PROCEDURAL ERROR

The next question is whether a district judge's tardy referral order pursuant to § 636(b)(3)

---

[1]  Additionally, as previously set forth, the October 1998 Memo is located in the "administrative records" of two magistrate judges.  District courts must keep their records "at one or more of the places where court is held," presumably at the Office of the Clerk of the Court.  28 U.S.C. § 457.  Litigants can hardly be expected to know of documents that are not filed in the Clerk's office.

[2]    We are *not* calling into doubt the district judge's discretion to enter a general and prospective referral order with respect to magistrate judges' handling of felony guilty pleas in the context of § 636(b). Indeed, our cases implicitly permit a district judge to enter a general and prospective referral order under § 636(b). *See  Archie v. Christian*, 808 F.2d 1132, 1133 n.1 (5th Cir. 1987) (en banc) (upholding magistrate judge's authority, after waiver of procedural errors, where magistrate judge acted under a general and prospective referral order). *Cf. Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000) (holding that the terms of the general and prospective referral order did not encompass a nonprisoner civil action).

constitutes jurisdictional error. We review this question *de novo*. *See e.g., Requena-Rodriguez v. Pasquarell,* 190 F.3d 299, 302 (5th Cir.1999).

Generally, our precedent instructs that when analyzing a challenge to the district judge's delegation of authority to a magistrate judge pursuant to § 636(b), the "dispositive question" is whether the duty assigned to a magistrate judge is "subject to meaningful review" by a district judge. *Jones v. Johnson,* 134 F.3d 309, 311 (5th Cir. 1998); *accord Dees,* 125 F.3d at 268. More specifically, we have explained repeatedly that when a district judge enters a judgment, defects in the order of referral are procedural matters that can be waived if not properly preserved. *See e.g., Archie v. Christian,* 808 F.2d 1132, 1134-35 (5th Cir.1987) (en banc); *McLeod, Alexander, Powel & Apffel, P.C. & Quarles,* 925 F.2d 853, 857 (5th Cir. 1991); *EEOC v. West Louisiana Health Services, Inc.,* 959 F.2d 1277, 1282 (5th Cir 1992); *Mendes Junior International Co. v. M/V Sokai Maru,* 978 F.2d 920, 924 (5th Cir. 1992); *Koetting v. R.G. Thompson,* 995 F.2d 37, 39 (5th Cir. 1993).[3]

Here, the magistrate judges' actions were subject to meaningful review by the district judge. A magistrate judge's taking of a guilty plea does not bind the district judge. *Dees,* 125 F.3d at 268. Instead, the district judge reserves "ultimate control over the plea proceedings, which are submitted

---

[3] In contrast, when a magistrate judge enters judgment pursuant to § 636(c), the lack of a proper designation by the district judge renders the magistrate judge without jurisdiction. *Parks v. Collins,* 761 F.2d 1101, 1106 (5th Cir. 1985). *See also Hill v. City of Seven Points,* 230 F.3d 167, 170 (5th Cir. 2000) (holding that "without the requisite § 636(c)(1) special designation, we lack jurisdiction over the appeal from the magistrate judge's summary judgment ruling"); *Sockwell v. Phelps,* 906 F.2d 1096, (5th Cir. 1990) (concluding that once magistrate judge had granted parties' request to withdraw consent to conduct trial given pursuant to § 636(c)(1), magistrate judge lacked the authority to try the cause of action and enter judgment). Relying on *Withrow v. Roell,* 288 F.3d l99 (5th Cir.), *cert. granted,* 71 USLW 3094 (U.S. Nov. 4, 2002), the appellants argue that jurisdictional defects caused by lack of consent or improper referral orders cannot be cured by post-judgment consent. *Withrow*, however, involved a referral to the magistrate judge pursuant to § 636(c) to try a civil rights case and enter final judgment. 288 F.3d at 200-01. As set forth above, this distinction is crucial and renders *Withrow* inapposite.

6

to the court for its approval." *Id.* (citation omitted). Further, a district judge reviews guilty plea proceedings *de novo. Id.*

In the cases at bar, the district judge reviewed the magistrate judges' reports and recommendations with respect to the appellants' guilty pleas and entered the respective judgments. By failing to object to the magistrate judges' actions, the appellants waived the right to raise this procedural defect as a basis for relief from their guilty pleas.[4]

For the above reasons, we affirm the judgments of the district court.

---

[4] Although Article III of the United States Constitution confers a personal right to have one's guilty plea in a criminal case heard by an Article III judge, that right may be waived by the individual. *Dee*s, 125 F.3d at 266. The appellants consented to having their respective plea hearings conducted by a magistrate judge. In so doing, they waived their right to have the district judge conduct their hearings.