IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

-------------------

No. 01-41467
Summary Calendar

-------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GENARO ACOSTA-OLVERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-400
--------------------
January 23, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Genaro Acosta-Olvera appeals from his guilty-plea conviction for illegal reentry into the United States after deportation subsequent to an aggravated-felony conviction. He first argues that the lack of an order by the district court referring his case to the magistrate judge to conduct his guilty plea hearing constitutes a jurisdictional defect requiring vacatur of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

guilty plea and conviction. Because Acosta-Olvera consented to having the magistrate judge conduct his guilty plea hearing, any defect in the referral procedure was waived. See United States v. Bolivar-Munoz, 313 F.3d 253, 256-57 (5th Cir. 2002). Accordingly, Acosta-Olvera may not challenge such error on appeal.

Acosta-Olvera also contends that the aggravated felony conviction that resulted in his increased sentence is an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment, rather than a mere sentencing enhancement. In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Acosta-Olvera acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been case into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule

it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.