IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41362
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ELIAS OVANDO-ROCHOL,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-231-1
--------------------
February 5, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Elias Ovando-Rochol appeals his guilty-plea conviction for attempted illegal reentry of the United States after deportation. He argues for the first time on appeal that, despite his consent to proceed before the magistrate judge, the magistrate judge lacked the authority to entertain his guilty plea. Ovando-Rochol's argument is foreclosed by our recent decision in United States v. Bolivar-Munoz, 313 F.3d 253 (5th Cir. 2002), where we held that the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants' failure to object to such a procedural defect resulted in a waiver of their right to raise the issue as a basis for relief from their guilty pleas. *Id*. at 257.

The district court's judgment incorrectly states that Ovando-Rochol was convicted of illegal reentry after deportation, rather than attempted illegal reentry after deportation. These two offenses are different from one another. United States v. Angeles-Mascote, 206 F.3d 529, 531 (5th Cir. 2000)(distinguishing these offenses). Since the error is a clerical one that should be corrected under FED. R. CRIM. P. 36, we REMAND this case to the district court for the limited purpose of correcting it as indicated. See United States v. Sapp, 439 F.2d 817, 821 (5th Cir. 1971).

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.