IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41043
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JORGE HERNANDEZ-SANTIAGO,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-318-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Jorge Hernandez-Santiago (Hernandez) appeals his conviction and the 46-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation in violation of 8 U.S.C. § 1326.

    Hernandez argues for the first time on appeal that the magistrate judge did not have the jurisdiction or authority to accept his guilty plea because the district court had not referred the case to the magistrate judge.  In <u>United States v.</u>

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002), this court concluded that the district court must enter a proper referral order, but found that a failure to do so causes a procedural error, which can be waived, rather than a jurisdictional defect. As in Bolivar-Munoz, Hernandez consented to proceedings before the magistrate judge and lodged no objection to the absence of a referral order. Hernandez waived the procedural error.

Hernandez argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Apprendi did not overrule Almendarez-Torres. Apprendi, 530 U.S. at 489-90, 496; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).

Hernandez contends that his indictment violated the Fifth and Sixth Amendments because it lacked an allegation that he acted with general intent. He acknowledges that his argument is foreclosed by this court's precedent in United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), cert. denied, 533 U.S. 953 (2001), and United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir. 2001), cert. denied, 122 S. Ct. 288 (2001), but

raises it to preserve the issue for review by the Supreme Court.

The judgment of the district court is AFFIRMED.