IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41217
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE SANCHEZ-QUIJANO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-617-ALL
--------------------
February 20, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Sanchez-Quijano appeals his conviction and sentence imposed following his guilty plea conviction for illegal reentry into the United States.  Sanchez argues that the magistrate judge lacked jurisdiction to conduct his rearraignment in the absence of a referral order by the district court.

Sanchez did not object in the district court to the magistrate judge's exercise of authority.  He waived his right to raise the procedural defect in his guilty plea proceeding as a

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

basis for relief. United States v. Bolivar-Munoz, 313 F.3d 253, 257 (5th Cir. 2002).

Sanchez also argues that his indictment was constitutionally defective because it did not charge that he had a general intent to commit the offense. Sanchez's indictment was sufficient because it enumerated the statutory elements of the offense, informed him of the charge, and fairly implied that his reentry was voluntary in view of the allegation that he had been deported and removed from the United States and was present without having first obtained the Attorney General's consent. United States v. Guzman-Ocampo, 236 F.3d 233, 239 & n.13, cert. denied, 533 U.S. 953 (2001); United States v. Berrios-Centeno, 250 F.3d 294, 297-300 & n.4 (5th Cir.), cert. denied, 534 U.S. 928 (2001). Sanchez is not entitled to relief on this claim.

Sanchez's acknowledges that his argument that 8 U.S.C. § 1326(b) is unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but states that he is raising the issue to preserve it for possible Supreme Court review.

Almendarez-Torres held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90. This court must follow the precedent set in Almendarez-Torres unless and until it is overruled by the Supreme Court. United States v. Dabeit,

231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1202 (2001).  This claim is without merit.

AFFIRMED.