IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41382
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO BOLANOS-MORALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-331-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ramiro Bolanos-Morales ("Bolanos") appeals from his guilty-plea conviction and sentence for being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a)(2). For the first time on appeal, Bolanos argues that although he consented to have his guilty plea hearing conducted by a magistrate judge, his plea and sentence are invalid because the district court did not refer the case to the magistrate judge

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

until one day after the plea was taken.  He contends that the error is jurisdictional and was not waived by his guilty plea.

This issue was recently decided in <u>United States v. Bolivar-Munoz</u>, 313 F.3d 253, 256-57 (5th Cir. 2002), which presented essentially the same relevant facts and arguments.  We held that the error of which Bolanos now complains was procedural, not jurisdictional.  As in <u>Bolivar-Munoz</u>, the magistrate judge here issued a report and recommendation to the district court under 28 U.S.C. § 636(b)(3) after Bolanos consented.  Because Bolanos did not object to the magistrate judge's authority to take his plea, he has waived the right to raise the procedural defect of the late referral order as a basis of relief.  <u>See</u> <u>id.</u> at 257.

AFFIRMED.