IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41457
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEODEGARIO ORTIZ-ZACARIAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-681-ALL
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Leodegario Ortiz-Zacarias appeals his conviction and sentence for illegal reentry into the United States following deportation. Ortiz argues that the magistrate judge was without jurisdiction or authority to conduct his rearraignment hearing because the district court did not formally refer the case to the magistrate judge.

Ortiz did not object in the district court to the magistrate judge's exercise of authority. He waived his right to raise the

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedural defect in his guilty plea proceeding as a basis for relief.  United States v. Bolivar-Munoz, 313 F.3d 253, 257 (5th Cir. 2002).

Ortiz also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional because they are treated as sentencing factors rather than as elements of the offense.

Ortiz acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied 531 U.S. 1201 (2001).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.