IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40205
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO GUILLEN-SEGURA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-470-1
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rogelio Guillen-Segura appeals from his conviction of having been found in the United States after having been deported and after having been convicted of a prior felony, a violation of 8 U.S.C. § 1326.

For the first time on appeal, Guillen contends that the magistrate judge was without jurisdiction or authority to conduct his guilty-plea hearing because the district court did not formally refer the case to the magistrate judge until after he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had pleaded guilty. By failing to object in the district court to the magistrate judge's exercise of authority, Guillen waived his right to challenge this procedural defect in his plea proceeding. United States v. Bolivar-Munoz, 313 F.3d 253, 257 (5th Cir. 2002).

Guillen argues that the "felony" and "aggravated felony" provisions found in § 1326(b)(1) and (2) are unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because Congress intended the fact of a prior felony or aggravated felony to be a sentence enhancement rather than an element to be charged in the indictment and proved to a jury. As he concedes, Guillen's contention regarding Apprendi is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (noting that the Supreme Court in Apprendi, 530 U.S. at 489-90, expressly declined to overrule the controlling Almendarez-Torres), cert. denied, 531 U.S. 1202 (2001). Guillen raises this issues to preserve it for review by the Supreme Court.

AFFIRMED.