IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40209
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DENNIS JIMENEZ-AGUILERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-949
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

Dennis Jimenez-Aguilera (Jimenez) appeals from his guilty plea conviction and sentence for being an alien unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). For the first time on appeal, Jimenez argues that although he consented to have his guilty plea hearing conducted by a magistrate judge, his plea and sentence are invalid because the magistrate judge lacked jurisdiction to conduct the guilty plea proceeding in the absence of an order of

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

referral by the district court.  Because Jimenez did not object in the district court to the magistrate judge's exercise of authority, he waived his right to raise the procedural defect in his guilty plea proceeding as a basis for relief.  United States v. Bolivar-Munoz, 313 F.3d 253, 256-57 (5th Cir. 2002).

Jimenez contends that his indictment was unconstitutional because it lacked an allegation that he acted with general intent.  Jimenez raises this issue only to preserve it for possible Supreme Court review.  Even if his guilty plea did not waive the issue, see United States v. Cotton, 122 S. Ct. 1781, 1785-87 (2002), his argument is foreclosed by this court's precedent in United States v. Guzman-Ocampo, 236 F.3d 233, 237-39 & n.13 (5th Cir. 2000), and United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir.), cert. denied, 534 U.S. 928 (2001).  Jimenez argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment.  He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in the light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  Apprendi did not overrule Almendarez-Torres.  Apprendi, 530 U.S. at 489-90, 496; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.

AFFIRMED.