IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40313
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO LOPEZ-SALAS,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-821-ALL

--------------------

February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arturo Lopez-Salas appeals the 72-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326.

Lopez-Salas argues for the first time on appeal that the magistrate judge did not have the jurisdiction or authority to accept his guilty plea because the district court had not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

referred the case to the magistrate judge. In United States v. Bolivar-Munoz, 313 F.3d 253, 256-57 (5th Cir. 2002), this court concluded that the district court must enter a proper referral order, but found that a failure to do so causes a procedural error, which can be waived, rather than a jurisdictional defect. As in Bolivar-Munoz, Lopez-Salas consented to proceedings before the magistrate judge and lodged no objection to the absence of a referral order. Lopez-Salas waived the procedural error.

Lopez-Salas contends that his indictment violated the Fifth and Sixth Amendments because it lacked an allegation that he acted with general intent. He acknowledges that his argument is foreclosed by this court's precedent in United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000), cert. denied, 533 U.S. 953 (2001), and United States v. Berrios-Centeno, 250 F.3d 294, 299-300 (5th Cir. 2001), cert. denied, 122 S. Ct. 288 (2001), but raises it to preserve the issue for review by the Supreme Court.

Lopez-Salas argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Apprendi did not

overrule Almendarez-Torres.  Apprendi, 530 U.S. at 489-90, 496;

United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000),

cert. denied, 531 U.S. 1202 (2001).

The judgment of the district court is AFFIRMED.