IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40392
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURO CESAR ZAMORA-RAMIREZ,
also known as Alejandro Ramirez-Zamora,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-456-01
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mauro Cesar Zamora-Ramirez appeals his conviction and the 70-month sentence imposed following his plea of guilty to a charge of being found in the United States after deportation, a violation of 8 U.S.C. § 1326.

Zamora-Ramirez argues that the magistrate judge did not have jurisdiction to conduct his guilty plea hearing because the district court had not entered an order of referral to the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

magistrate judge prior to the plea hearing. In United States v. Bolivar-Munoz, 313 F.3d 253, 256-57 (5th Cir. 2002), this court concluded that the district court must enter a proper referral order, but found that a failure to do so results in a procedural error, which can be waived. As in Bolivar-Munoz, the district court reviewed the magistrate judge's actions, Zamora-Ramirez consented to have the proceedings conducted by the magistrate judge, and Zamora-Ramirez lodged no objection to the absence of a referral order. Zamora-Ramirez waived the procedural error. Bolivar-Munoz, 313 F.3d at 257.

Zamora-Ramirez contends that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Apprendi did not overrule Almendarez-Torres. Apprendi, 530 U.S. at 489-90, 496; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.