IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40395
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

REYMUNDO MEDELLIN TOVIAS, also
known as Raymundo Tovias Medellin,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-512-ALL
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Reymundo Medellin Tovias appeals from his conviction of
having been found in the United States after having been deported
and after having been convicted of a prior "aggravated felony,"
a violation of 8 U.S.C. § 1326.

For the first time on appeal, Tovias contends that the
magistrate judge was without jurisdiction or authority to conduct
his guilty-plea hearing because the district court did not

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

formally refer the case to the magistrate judge until after Tovias had pleaded guilty.  By failing to object in the district court to the magistrate judge's exercise of authority, Tovias waived his right to challenge this procedural defect in his plea proceeding.  United States v. Bolivar-Munoz, 313 F.3d 253, 256-57 (5th Cir. 2002).

Tovias also contends that 8 U.S.C. § 1326(b)(2) is unconstitutional on its face under Apprendi v. New Jersey, 530 U.S. 466 (2000), in that the aggravated-felony element of the offense need not be submitted to the factfinder for proof.  As he concedes, Tovias' contention regarding Apprendi is foreclosed by the caselaw of this court and by Apprendi itself.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000) (noting that the Supreme Court in Apprendi, 530 U.S. at 489-90, expressly declined to overrule the controlling Almendarez-Torres v. United States, 523 U.S. 224 (1998)).  Tovias raises this issue to preserve it for review by the Supreme Court.

AFFIRMED.