IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40648
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE DURAN-RIVAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1228-ALL
--------------------
February 20, 2003
Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Jose Duran-Rivas (Duran) appeals his guilty-plea conviction
for illegal reentry after deportation.  He argues for the first
time on appeal that 8 U.S.C. § 1326(b)(2) is unconstitutional
because it does not require the prior aggravated felony
conviction to be proven as an element of the offense.  Duran
concedes that his argument is foreclosed by <u>Almendarez-Torres
v. United States</u>, 523 U.S. 224 (1998).  He nevertheless seeks to
preserve this issue for Supreme Court review in light of the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

decision in _Apprendi v. New Jersey,_ 530 U.S. 466 (2000).

_Apprendi_ did not overrule _Almendarez-Torres_.  See _Apprendi,_ 530 U.S. at 489-90; _see_ _also_ _United States v. Dabeit_, 231 F.3d 979, 984 (5th Cir. 2000), _cert. denied_, 531 U.S. 1202 (2001).  Therefore, Duran's argument is foreclosed.

Duran also contends for the first time on appeal that the magistrate judge lacked jurisdiction to conduct his guilty plea hearing because there was no order of referral from the district court.  By failing to object in the district court to the magistrate judge's exercise of authority, Duran waived his right to challenge this procedural defect in his plea proceeding.  _United States v. Bolivar-Munoz_, 313 F.3d 253, 257 (5th Cir. 2002).

AFFIRMED.