United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**April 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40968
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDIL DONALDO MOLINA-GUERRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-139-ALL
--------------------

Before JONES, DUHÉ, and CLEMENT, Circuit Judges.

PER CURIAM:[1]

Edil Donaldo Molina-Guerra (Guerra) appeals his guilty-plea conviction for illegal reentry after deportation. He argues for the first time on appeal that the magistrate judge lacked jurisdiction to conduct his guilty plea hearing because there was no order of referral from the district court. He concedes, however, that his argument is foreclosed by United States v. Bolivar-Munoz, 313 F.3d 253, 257 (5th Cir. 2002). By failing to object in the district court to the magistrate judge's exercise of

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authority, Molina waived his right to challenge this procedural defect in his plea proceeding.  Id. at 257.

He also argues for the first time on appeal that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because the statute does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved as an element of the offense.  Molina concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  He nevertheless seeks to preserve this issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Therefore, Molina's argument is foreclosed.

Molina seeks remand pursuant to FED. R. CRIM. P. 36 for correction of a clerical error in the judgment.  The Government concedes that remand is appropriate because the written judgment does not reflect that at sentencing, the court granted its motion to remit the $100 special assessment.  Accordingly, this case is REMANDED for the sole purpose of allowing the district court to correct the clerical error in the judgment.

AFFIRMED, REMANDED FOR CORRECTION OF CLERICAL ERROR IN JUDGMENT.