**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 28, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40699
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRINEO LOPEZ-GUZMAN, also known as Jorge Guajardo-Herrera,
also known as Jorge Lopez-Guzman, also known as Hector
Lopez-Guzman, also known as Hector Montero-Hernandez,

Defendant-Appellant,

No. 02-40711
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

IRINEO LOPEZ-GUZMAN, also known as Jorge,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-43-1
USDC No. B-98-CR-563-2
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent

Irineo Lopez-Guzman appeals from guilty-plea convictions for illegal entry into the United States following deportation for an aggravated felony and revocation of supervised release on a sentence for transporting an illegal alien within the United States. 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), 1326.

Lopez-Guzman argues that the court erred in denying his motion to grant a downward departure on the basis of a significantly diminished mental capacity. Lopez-Guzman contends that the court misunderstood its authority to consider whether he suffered from a volitional impairment under U.S.S.G. § 5K2.13. There is no indication in the record that the court did not understand its authority to depart on these grounds. Accordingly, this court lacks jurisdiction to review a refusal to grant a downward departure. See United States v. Thames, 214 F.3d 608, 612 (5th Cir. 2000).

Lopez-Guzman argues that the magistrate judge lacked the jurisdiction to conduct his guilty-plea hearings. Lopez-Guzman concedes that his argument is foreclosed by United States v. Bolivar-Munoz, 313 F.3d 253 (5th Cir. 2002), but he seeks to preserve the issue for Supreme Court review. The court held that the error complained of was procedural, not jurisdictional, and could be waived if not properly preserved. Bolivar-Munoz, 313 F.3d at 256-57. Lopez-Guzman did not object to the magistrate judge's

except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

actions below, therefore he has waived his right to raise the referral issue in this court. See id at 257. Because Bolivar-Munoz is still good law and one panel of this court cannot overrule another absent superceding Supreme Court or en banc authority, Lopez-Guzman's argument is foreclosed. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).

Lopez-Guzman also argues that for the first time on appeal that 8 U.S.C. § 1326(b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a mere sentencing factor and not an element of the offense. Lopez-Guzman concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). Accordingly, this argument lacks merit.

**AFFIRMED.**