United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-40409
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN GAMEZ-TOVAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1190-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ruben Gamez-Tovar (Gamez) appeals his guilty-plea conviction and sentence for illegal reentry of a deported alien. Gamez argues for the first time on appeal that the magistrate judge lacked jurisdiction or authority to conduct his guilty-plea hearing because there was no order of referral from the district court. By failing to object in the district court to the magistrate judge's exercise of authority, Gamez waived his right

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to challenge this procedural defect in his plea proceeding.
United States v. Bolivar-Munoz, 313 F.3d 253, 257 (5th Cir. 2002), cert. denied, 2003 WL 729161 (U.S. Mar. 31, 2003).

Also for the first time on appeal, Gamez argues that 8 U.S.C. § 1326(b)(2) is unconstitutional because it does not require the prior aggravated felony conviction to be proven as an element of the offense. Gamez concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). He nevertheless seeks to preserve this issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). Therefore, Gamez's argument is foreclosed.

Finally, Gamez contends that the district court erred by sentencing him under the prior aggravated felony provisions in 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(C) based on his state conviction for possession of cocaine. These issues also are foreclosed. See United States v. Caicedo-Cuero, 312 F.3d 697 (5th Cir. 2002), petition for cert. filed, (U.S. Mar. 19, 2003) (No. 02-9747).

AFFIRMED.