**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 24, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-40471
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS SANCHEZ-RAMOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L:01-CR-1229-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Jose Luis Sanchez-Ramos appeals his conviction and sentence following his guilty plea to illegal reentry.  He argues that the magistrate judge lacked jurisdiction to conduct his guilty-plea proceeding because the district court did not enter an order of referral for that purpose.  Sanchez has waived review of this procedural error by his failure to object in the district court.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>United States v. Bolivar-Munoz</u>, 313 F.3d 253, 255 (5th Cir. 2002), <u>cert. denied</u>, 2003 WL 729161 (U.S. Mar. 31, 2003).

Sanchez additionally argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1)&(2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); however, he concedes that this issue is foreclosed, and he raises it only to preserve its further review by the Supreme Court.  This argument is indeed foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), and we must therefore follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (internal quotation and citation omitted).

AFFIRMED.