United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41019
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

TOMAS RODRIGUEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-156-ALL
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Tomas Rodriguez appeals his guilty-plea conviction for

illegal reentry after deportation.  He argues for the first time

on appeal that the magistrate judge lacked jurisdiction to

conduct his guilty plea hearing because there was no order of

referral from the district court.  He concedes, however, that his

argument is foreclosed by United States v. Bolivar-Munoz, 313

F.3d 253, 257 (5th Cir. 2002), cert. denied, 2003 WL 729161 (U.S.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Mar. 31, 2003).  By failing to object in the district court to the magistrate judge's exercise of authority, Rodriguez waived his right to challenge this procedural defect in his plea proceeding.  <u>Id.</u> at 257.

He also argues for the first time on appeal that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional because the statute does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved as an element of the offense.  Rodriguez concedes that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).  He nevertheless seeks to preserve this issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  Therefore, Rodriguez's argument is foreclosed.

AFFIRMED.