United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41041
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

PEDRO SANDOVAL-LANDEROS,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-75-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Pedro Sandoval-Landeros appeals his guilty-plea conviction
and sentence for being found in the United States, without
permission, following deportation, in violation of 8 U.S.C.
§ 1326(a) and (b)(1).  Sandoval-Landeros acknowledges that his
arguments, which are raised for the first time on appeal, are
foreclosed.  He raises the issues to preserve them for further
review.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Sandoval-Landeros's argument that his conviction and sentence are void because his plea allocution was delegated to a non-Article III magistrate judge is without merit.  That task may be constitutionally delegated to a magistrate judge.  See United States v. Dees, 125 F.3d 261, 264-69 (5th Cir. 1997).

Sandoval-Landeros waived his argument that the magistrate judge lacked jurisdiction to conduct his plea allocution because the task had not been properly delegated to her by the district court judge.  Sandoval-Landeros failed to challenge the magistrate judge's handling of his plea allocution in district court.  See United States v. Bolivar-Munoz, 313 F.3d 253, 256-57 (5th Cir. 2002), cert. denied, 123 S. Ct. 1642 (2003).

Sandoval-Landeros's argument that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense is also without merit.  In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The sentencing provisions do not violate the Due Process Clause.  Id. at 239-47.  Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000), did not overrule that decision.  See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

The judgment of the district court is AFFIRMED.