United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41699
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARIO ALBERTO RIVAS-MENDOZA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-1388
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Mario Alberto Rivas-Mendoza ("Rivas") appeals following his

guilty-plea conviction for being found in the United States after

deportation subsequent to an aggravated-felony conviction, in

violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).  Rivas's guilty-

plea was taken by the magistrate judge and approved by the

district court after Rivas gave his written consent.  Rivas

argues that his conviction and sentence are void because a Rule

11 colloquy may never be delegated to a non-Article III

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

magistrate judge. He also argues for the first time on appeal that the magistrate judge lacked jurisdiction to take his plea because of the absence of a referral order from the district court. He concedes that these arguments are foreclosed by circuit precedent but wishes to preserve the issues for Supreme Court review. Rivas correctly observes that his arguments are foreclosed. See United States v. Bolivar-Munoz, 313 F.3d 253, 256-57 (5th Cir. 2002), cert. denied, 123 S. Ct. 1642 (2003); United States v. Dees, 125 F.3d 261, 266 (5th Cir. 1997).

Rivas also argues that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review. Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.