**UNITED STATES of America,**
**Appellee,**

v.

**Dan Moriell CAFFEY, Jr., Appellant.**

No. 03–1913.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 2, 2003.

Filed: Dec. 8, 2003.

---

Omar F. Greene, Appointed Federal Public Defender, Little Rock, AR, submitted a brief, for appellant.

Anne Gardner, Assistant Attorney General, Little Rock, AR, submitted a brief, for appellee.

Before WOLLMAN, FAGG and MORRIS SHEPPARD ARNOLD, Circuit Judges.

[PUBLISHED]

PER CURIAM.

While serving a term of supervised release for a federal crime, Dan Moriell Caffey, Jr., committed a state crime, pleaded guilty, and was sentenced to imprisonment for sixty months. The Government filed a petition for revocation of Caffey's supervised release. Caffey appeared with counsel and admitted the petition's allegations. The district court sentenced Caffey to twenty-one months in prison.

Caffey appeals his sentence raising several meritless issues. First, Caffey's admission of the allegations in the Government's petition were sufficient for revocation of Caffey's supervised release. Next, Caffey's sentence fell within the recommended Guidelines range and statutory limits. Further, Caffey was represented by counsel at all critical stages of the proceedings, and the proceedings satisfied the requirements of Federal Rule of Criminal Procedure 32.1(a)(2). Also, the district court properly scheduled restitution payments, and lawfully imposed

an additional year of supervised release to follow Caffey's prison term. Before imposing Caffey's sentence, however, the district court failed to give Caffey an opportunity to speak on his own behalf as required by the Federal Rules of Criminal Procedure. *See United States v. Patterson*, 128 F.3d 1259, 1260–61 (8th Cir. 1997) (per curiam) (Rule 32's right of allocution applies to sentencing on revocation of supervised release when court imposes new sentence based on conduct that occurred during supervised release). The failure to give a defendant the right of allocution "is clearly error and must be reversed." *United States v. Washington*, 255 F.3d 483, 487 (8th Cir.2001).

Accordingly, we reverse and remand for resentencing following allocution.