# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1379

_____

United States of America,       *
                                *
            Appellee,           *
                                *       Appeal from the United States
    v.                          *       District Court for the
                                *       Eastern District of Arkansas.
Clarence Edgar Guthrie,         *
                                *       [Unpublished]
            Appellant.          *


_____

Submitted: September 13, 2004
Filed: October 13, 2004

_____

Before LOKEN, Chief Judge, BEAM, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Clarence Edgar Guthrie appeals the sentence the district court[1] imposed after revoking his supervised release. For the reasons discussed below, we affirm the judgment of the district court.

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

In March 1997, Guthrie pleaded guilty to three federal drug charges, the most serious of which was attempting to possess with intent to distribute approximately 453 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class B felony, *see* 21 U.S.C. § 841(b)(1)(B)(viii) (1996); 18 U.S.C. § 3559(a)(2). Guthrie was sentenced to 76 months in prison and 4 years of supervised release. He commenced supervised release on March 1, 2002. While on supervised release, Guthrie pleaded guilty to several state drug charges in Arkansas and was sentenced to 180 months in prison. In January 2004, the Government sought revocation of Guthrie's supervised release. The district court found Guthrie violated the conditions of his supervised release, revoked his supervised release and sentenced him to 24 months in prison, to be served consecutively to his Arkansas state sentence. Guthrie argues that the district court abused its discretion in revoking his supervised release and in imposing a 24-month consecutive sentence.

After carefully reviewing the record, we reject Guthrie's arguments on appeal. First, the district court's revocation of Guthrie's supervised release was not an abuse of discretion because Guthrie admitted the allegations in the Government's petition for warrant.[2] *See United States v. Caffey*, 351 F.3d 804 (8th Cir. 2003) (per curiam).

Second, the sentence imposed by the district court was not an abuse of discretion. The 24-month sentence does not exceed the 3-year maximum prison sentence authorized upon revocation of supervised release associated with a Class B felony conviction. 18 U.S.C. § 3583(e)(3). In addition, although the policy statements in Chapter 7 of the Sentencing Guidelines are not binding on the district court, *see United States v. Holmes*, 283 F.3d 966, 968 (8th Cir. 2002) (citing *United States v. Brown*, 203 F.3d 557, 558 (8th Cir. 2000)), the 24-month sentence is within

---

[2]A petition for warrant is a pleading by which the government initiates revocation proceedings.

the recommended Guidelines range. U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (2003).

Finally, we find nothing in the record to indicate that the district court abused its discretion by imposing a consecutive sentence. *See* 18 U.S.C. § 3584(a); *United States v. Cotroneo*, 89 F.3d 510, 512 (8th Cir. 1996) (noting that under § 3584(a), upon revocation of supervised release, the decision to impose a consecutive or concurrent sentence lies within "the sound discretion of the district court "); USSG § 7B1.3(f), p.s.

For these reasons, we affirm, and we also grant counsel's motion to withdraw.

_____