# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3763

_____

United States of America,      *
     *
        Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Eastern District of Missouri.
Misael Benitez, also known as      *
Benitez Arguello Paulo,      *       [UNPUBLISHED]
     *
        Appellant.      *

_____

Submitted: May 17, 2007
Filed: August 6, 2007

_____

Before WOLLMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Misael Benitez was convicted of possessing and conspiring to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to 135 months' imprisonment. Benitez appeals from his conviction and his sentence. We remand the case for further proceedings.

I.

On May 26, 2006, a hearing on Benitez's motion to suppress evidence was conducted before a magistrate judge, subsequent to which the magistrate judge issued

a report and recommendation in which she made factual findings and recommended that Benitez's motion be denied. Benitez filed an objection to the magistrate judge's report, contesting, *inter alia*, findings of fact contained therein. The district court adopted the magistrate judge's report and denied the motion to suppress, stating, "Upon review, the Court agrees with [the magistrate judge's] conclusions."

## II.

Benitez argues that the district court failed to conduct a *de novo* review of the disputed portions of the report as required by 28 U.S.C. § 636(b)(1). The government argues that we will presume that the district court had conducted the necessary *de novo* review unless there is some affirmative evidence in the record to the contrary.[1] We agree with Benitez that there is evidence in the record that a *de novo* review did not take place.

"[D]istrict courts may designate magistrate judges to conduct, *inter alia*, evidentiary hearings on suppression motions and to submit to a district judge proposed findings of fact and recommendations for the disposition of the matter." United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003); 28 U.S.C. § 636(b)(1). If a party

---

[1]The government also suggests that Benitez has waived this argument because he did not bring it to the attention of the district court. The government's contention is unavailing. We have elected to address the failure to conduct a *de novo* review in other cases, even when the issue has been waived and was not raised by the parties. United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003) ("Although Lothridge does not raise the issue on appeal, because of our institutional concerns, his waiver, whether inadvertent or intentional, does not affect our ability to notice the District Court's failure to conduct a de novo review."); Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990) (per curiam) (stating that although the issue of *de novo* review had not been raised by the parties, the court would address it *sua sponte*). In light of its institutional importance, failure to raise this issue before the district court will not preclude us from considering the matter on appeal.

objects to the magistrate judge's report and recommendation with respect to a dispositive matter, the district court judge must conduct a *de novo* review of the disputed portion of the magistrate judge's report and recommendation. Id. (citation omitted). Failure to do so requires that the case be remanded to the district court so the court may conduct a *de novo* review. See id. at 601 (remanding the case so that the district court could undertake the necessary review); Jones v. Pillow, 47 F.3d 251, 253 (8th Cir. 1995) (same). When the magistrate judge's report is based upon an evidentiary hearing, this review requires the district court to, at a minimum, listen to the tape of the hearing or read the hearing transcript. Jones, 47 F.3d at 252 (quotation omitted).

We will presume that the district court has undertaken a *de novo* review unless there is affirmative evidence in the record indicating that the review was not conducted. Id. at 253. In Jones, after a review of the relevant cases on this subject, we held that the presumption of *de novo* review would be negated if: 1) the hearing transcript was not available to the district court; 2) the district court gave no indication that it had listened to the tape of the hearing; and 3) the district court did not state that it had reviewed the file and records, but had only indicated review of the findings and rulings and the defendant's objections. Id.

This case fall squarely within Jones. The transcript was not available at the time of the district court's review,[2] the district court did not state that it had listened to the tapes, and the district court did not state that it had reviewed the records or files. Under Jones, we cannot presume that the district court conducted the necessary review in light of these indications to the contrary.

---

[2]According to the docket, the hearing transcript was not available until months after the district court had adopted the magistrate judge's report and recommendations.

The case is remanded so the district court may conduct the necessary review. We will retain jurisdiction over this appeal. Because the record does not allow us to conclude that the district court undertook a *de novo* review, we will not address the other issues raised by Benitez on appeal. <u>See</u> <u>Hudson v. Gammon</u>, 46 F.3d 785, 786 (8th Cir. 1995) (declining to reach the merits because of failure to conduct *de novo* review).

—————————————————