# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2443

———————

United States of America,
        Plaintiff - Appellee,

v.

Daniel P. Azure,
        Defendant -Appellant.

    Appeal from the United States
    District Court for the
    District of North Dakota.

———————

Submitted: February 14, 2008
Filed: August 27, 2008

———————

Before MELLOY, GRUENDER, and SHEPHERD, Circuit Judges.

———————

SHEPHERD, Circuit Judge.

Daniel P. Azure appeals his supervised release revocation and the imposition of a 24-month sentence. Azure raises a number of challenges to the district court's[1] decision, asserting that it should be vacated and his case remanded for further proceedings. We affirm the judgment of the district court.

---

[1] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, adopting the Report and Recommendation of the Honorable Alice R. Senechal, United States Magistrate Judge for the District of North Dakota.

I.

Azure pled guilty to assault on a federal officer in violation of 18 U.S.C. § 111(a)(1), (b), and was sentenced to six months imprisonment and two years of supervised release on October 14, 2004. With credit for time served, Azure began his supervised release that day. However, Azure immediately went into state custody because of an outstanding warrant. Azure was released from state custody on November 4, 2004. Prior to the petition at issue in this appeal, three petitions for revocation of Azure's supervised release were filed. The first petition was filed December 12, 2004; Azure admitted the violations alleged. As a result, Azure was ordered to reside at Spirit Lake Wiconi and to complete chemical dependency treatment. Azure remained at Wiconi until February 18, 2005.

Due to Azure's failure to contact the supervising probation officer after he left Wiconi, a second revocation petition was filed on March 7, 2005. Azure was arrested on the second petition on March 16, 2005. Azure admitted the violations. Accepting the magistrate judge's recommendation, the district court ordered Azure's placement for six months in the Lake Region Law Enforcement Center ("Center") and directed Azure to complete chemical dependency treatment. After Azure failed to return to the Center on time from a short-term leave pass, a third petition was filed on June 28, 2005. Azure admitted the violation and was sentenced to 120 days incarceration with 18 months of continued supervised release thereafter; he served his time and began the second term of supervised release on September 9, 2005.

On September 11, 2005, Azure was arrested by the Fort Totten Tribal Police on an outstanding domestic violence warrant and for public intoxication. On September 26, 2005, the Fort Totten police informed Azure's probation officer that he had been sentenced to 15 days in jail for a prior domestic assault. Azure was to complete this sentence on October 9, 2005 and be extradited to state authorities for a robbery alleged

to have occurred on September 18, 2005. On December 31, 2005, Azure was again arrested for public intoxication.

Azure was found guilty of the state robbery charge on June 6, 2006 and sentenced to three years imprisonment, with two years suspended, and two years of state supervised release. While Azure was serving his state sentence, the fourth revocation petition was filed on January 23, 2007. The fourth petition alleged that Azure had been (1) arrested on December 31, 2005 by the Fort Totten police for public intoxication and (2) convicted on June 6, 2006 of robbery in state court. On March 21, 2007, Azure was released from state custody but went into federal custody on a probation warrant issued in support of the fourth revocation petition.

The magistrate judge conducted a revocation hearing on April 9, 2007. At the hearing, the magistrate judge stated, "[The district court has] asked that I conduct the hearing and [that] I prepare a written report and recommendation." The magistrate judge's report and recommendation states that "[t]he petition was referred to this Court for hearing, and for preparation of this Report and Recommendation." However, there is no order of referral from the district court in the record presented to us on appeal. The magistrate judge filed a report and recommendation that Azure's supervised release be revoked and he be sentenced to 24 months of imprisonment. Azure filed objections.

Without further hearing, the district court adopted the magistrate judge's report and recommendation. In its order, the district court does not expressly address the means by which the magistrate judge learned that it was to conduct Azure's hearing and submit a report and recommendation to the district court, stating only that "[b]efore this Court is the report and recommendation of [the] Magistrate Judge . . . ." The district court sentenced Azure to 24 months in prison on May 21, 2007. The Judgment for Revocation was filed on June 7, 2007. Azure brings this appeal.

II.

Azure contends that the judgment of the district court should be vacated and the case remanded because: (1) the magistrate judge lacked jurisdiction to conduct the revocation hearing; (2) the district court failed to undertake the requisite de novo review of the entire record; (3) Azure was not present at the time the district court adopted the magistrate judge's report and sentenced him; and (4) his sentence was unconstitutionally imposed to punish him for the offense underlying his revocation, rather than for his original offense. We address each in turn.

III.

A.

Azure contends, for the first time on appeal, that another revocation hearing must be held because the magistrate judge lacked jurisdiction to conduct the hearing. The government also frames the issue as jurisdictional.[2] "A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations . . . ." 18 U.S.C. § 3401(i). Azure contends that section 3401(i) was not complied with in this case because the district court did not properly designate the magistrate judge to conduct Azure's revocation hearing to the magistrate judge.

Here, there is nothing in the docket report that shows that the district court designated the magistrate judge to conduct Azure's revocation hearing or any description of a formal procedural mechanism by which the magistrate judge learned

_____

[2]Azure contends that the magistrate judge lacked jurisdiction under 18 U.S.C. § 3401(i) and 28 U.S.C. § 636. The government does not contend that the magistrate judge had jurisdiction under section 636, so we focus solely on section 3401(i).

that she was tasked with the duty of conducting the revocation hearing.  See Fed. R. Crim. P. 55 ("The clerk [of the district court] must enter in the records every court order . . . and the date of entry.").  Neither is such a "designation" otherwise contained in the written record.  At issue, therefore, is whether the magistrate judge's statement, on the record, that the district court requested that she conduct the revocation hearing satisfies section 3401(i)'s mandate that the district judge "designate [the] magistrate judge . . . ."  See 18 U.S.C. § 3401(i).

Azure urges us to adopt the Ninth Circuit's rule that designation pursuant to section 3401(i) requires a written order from the district court, see United States v. Sanchez-Sanchez, 333 F.3d 1065, 1069 (9th Cir. 2003), while the government contends that no such order is required and that the magistrate judge's record statement was sufficient.  We reject the government's approach because designation at least requires some indication in the record from the district court that designation occurred.  Because this lesser standard is fatal to the magistrate judge's exercise of authority in this case, we need not adopt a rule requiring a written order of referral from the district court for designation.[3]

However, this determination does not end our inquiry.  We must now consider whether the lack of a proper designation from the district court pursuant to section 3401(i) constitutes jurisdictional error, an issue of first impression in this circuit.  We review this question de novo.  United States v. Bolivar-Munoz, 313 F.3d 253, 256 (5th Cir. 2002).  As previously stated, the parties address this issue as an inquiry into the magistrate judge's jurisdiction.  However, precedent from the First and Fifth Circuits persuades us that the lack of a proper designation under section 3401(i) is not a jurisdictional error but a procedural error.

---

[3]Even so, we see no reason why this would not be the procedure followed by district courts designating magistrate judges under section 3401(i) in order to avoid controversies such as in this case.

In United States v. Lopez-Pena, 912 F.2d 1542 (1st Cir. 1989), the defendants objected to the empanelment of a felony jury by a magistrate judge rather than a district judge. Id. at 1544. Though the First Circuit acknowledged that this was error, it held that the right to have an Article III judge preside at empanelment of a felony jury could be waived. Id. at 1547-48. In so holding, the First Circuit explained,

> Movants do not contend that the magistrate lacked jurisdiction in the sense that the district court lost, or was deprived of, subject matter jurisdiction, thus eclipsing the raise-or-waive rule. See, e.g., Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908); Capron v. Van Noorden, 6 U.S. 126, 2 Cranch 126, 127 (1804). The eschewal is prudent. The district court indisputably possessed subject matter jurisdiction throughout, but the magistrate lacked statutory authority to exercise that jurisdiction. The resultant irregularity was procedural, not jurisdictional. See Archie v. Christian, 808 F.2d 1132, 1134-35 (5th Cir. 1987) (en banc).

Id. at 1547 n.6. Accordingly, the lack of proper designation under section 3401(i) in this case was a procedural error because the district court retained subject matter jurisdiction, even as the magistrate judge conducted Azure's revocation hearing.

In Bolivar-Munoz, the Fifth Circuit applied 28 U.S.C. § 636(b)(3),[4] which like section 3401(i), does not involve "magistrate judges . . . enter[ing] judgment . . . but simply fil[ing] . . . reports and recommendations . . . ." 313 F.3d at 255. There, the district court did not formally refer the matters to the magistrate judges until after the magistrate judges conducted the defendants' plea hearings, accepted their guilty pleas, and issued reports and recommendations. Id. at 254-55. Then, the district court adopted the magistrate judges' reports and recommendations, accepted pleas, and sentenced defendants. Id. For the first time on appeal to the Fifth Circuit, the

---

[4]"A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

defendants challenged the magistrate judges' authority to conduct their respective guilty plea hearings, citing the lack of formal referral orders at the time the magistrate judges conduct their plea hearings.  Id. at 254.  The Fifth Circuit agreed that it was error for the magistrate judges to do so when "the district judge had not entered a proper referral order" but went on to consider whether, pursuant to section 636(b)(3), this was a jurisdictional or procedural error.  Id. at 256.

In making this determination, the Fifth Circuit observed, "[W]hen a district judge enters a judgment, defects in the order of referral are procedural matters that can be waived if not properly preserved" because "the duty assigned to a magistrate judge is 'subject to meaningful review' by a district judge."  Id.  However, "when a magistrate judge enters judgment . . . , the lack of a proper designation by the district judge renders the magistrate judge without jurisdiction."  Id. at 257 n.3.  The Fifth Circuit found that "the magistrate judges' actions were subject to meaningful review by the district judge" in that "[a] magistrate judge's taking of a guilty plea does not bind the district judge" and "the district judge reviews guilty plea proceedings de novo."  Id. at 257.  Accordingly, the Fifth Circuit determined that the lack of proper referrals was a procedural defect and that the defendants waived the right to raise the issue "[b]y failing to object to the magistrate judges' actions . . . ."  Id.

The Fifth Circuit's rationale in Bolivar-Munoz applies equally to section 3401(i).  Neither party contests that, in the context of section 3401(i), the district court must undertake de novo review.  Section 3401(i) does not specify the standard of review that a district court is to apply to a magistrate judge's findings of fact and recommendations, and we have not previously addressed this issue.  However, the Sixth Circuit has stated that section 3401(i) empowers magistrate judges to conduct final revocation hearings, subject to de novo review by the district judge.  See United States v. Waters, 158 F.3d 933, 938 (6th Cir. 1998).

Furthermore, section 3401(i)'s legislative history provides that we should utilize the procedures in place in the context of 28 U.S.C. § 636(b)(1)[5] or (b)(3). See H.R. Rep. 102-1006(I), at 18-19 (1992), reprinted in 1992 U.S.C.C.A.N. 3921, 3927-28. Matters referred to a magistrate judge under both sections 636(b)(1) and 636(b)(3) must be reviewed de novo by the district court when a party objects to a magistrate judge's findings. See Peretz v. United States, 501 U.S. 923, 939 (1991); see also In re Griego, 64 F.3d 580, 584 n.4 (10th Cir. 1995) ("[D]e novo review is required in both 636(b)(1) and 636(b)(3) referrals."). Accordingly, it follows that, upon an objection to a magistrate judge's proposed findings and recommendations pursuant to section 3401(i), a district court must undertake de novo review. See H.R. Rep. 102-1006(I), at 18-19, reprinted in 1992 U.S.C.C.A.N. 3921, 3927-28; see also Waters, 158 F.3d at 938. Because de novo review constitutes meaningful review, see United States v. B & D Vending, Inc., 398 F.3d 728, 732-33 (6th Cir. 2004) ("By conducting a de novo review of the portions of the magistrate judge's final [report and recommendation] to which objections were filed, the district court subjected the magistrate judge's proposed factual findings and recommendations to meaningful review . . . ."), the absence of a proper designation pursuant to section 3401(i) is a procedural error, see Bolivar-Munoz 313 F.3d at 256.

In sum, lack of proper designation of a magistrate judge pursuant to section 3401(i) to conduct a revocation hearing constitutes procedural error, not jurisdiction error, because (1) the district court retains jurisdiction throughout the matter, see Lopez-Pena, 912 F.2d at 1547 n.6, and (2) the magistrate judge's report and recommendation is subject to meaningful review, see Bolivar-Munoz 313 F.3d at 256.

Azure did not challenge the magistrate judge's authority to conduct the hearing before the hearing, at the hearing, prior to the magistrate judge's issuance of the report

_____

[5]Pursuant to 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to determine a number of pretrial matters and conduct hearings, including evidentiary hearings. See 28 U.S.C. § 636(b)(1)(A), (B).

and recommendation, or before the district court entered judgment.[6]  By failing to challenge this procedural defect prior to this appeal, Azure waived the right to raise it as a basis for relief from the district court's revocation of his supervised release. See Bolivar-Munoz, 313 F.3d at 257; Lopez-Pena, 912 F.2d at 1549; see also Waters, 158 F.3d at 936 (stating that defendant "apparent[ly] waive[d]" his claim that the magistrate judge lacked the statutory authority to conduct his revocation hearing because he "fail[ed] to challenge the Magistrate Judge's authority before filing his objections to the report and recommendation"); Hill v. Duriron Co., 656 F.2d 1208, 1213 (6th Cir. 1981) ("Ordinarily a party who objects to a reference to a magistrate must make his objections known either at the time of reference or soon thereafter.").

B.

Azure next asserts that the district court failed to undertake the required de novo review of the magistrate judge's report and recommendation because the court did not indicate that it had reviewed the hearing transcript or listened to the tape recording of the hearing.[7]  In the context of section 636(b)(1), we have held that "[i]n conducting [de novo] review, the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Jones v. Pillow, 47 F.3d 251, 252 (8th Cir. 1995) (quoting Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)).  We have also stated generally that "[w]hen [a] magistrate judge's report is based upon an evidentiary hearing, this review requires the district court to, at a minimum, listen to the tape of the hearing or read the transcript." United States v. Benitez, 244 F. App'x 64, 66 (8th Cir. 2007).  Here, the magistrate judge conducted an evidentiary hearing

---

[6]Though the government did not assert that Azure had waived his right to challenge the magistrate judge's authority to conduct the revocation hearing, "[t]his court may affirm the judgment of the district court on any basis supported by the record." Moore v. Forrest City Sch. Dist., 524 F.3d 879, 885 (8th Cir. 2008).

[7]Azure's revocation hearing was tape recorded.  A transcript of the hearing was not prepared until after Azure filed this appeal.

on the petition for revocation of Azure's supervised release. <u>See</u> 18 U.S.C. § 3401(i). Accordingly, de novo review requires that the district court either listen to the tape of the hearing or read the hearing transcript. <u>See</u> <u>Benitez</u>, 244 Fed. App'x at 66; <u>see also</u> <u>Jones</u>, 47 F.3d at 252; <u>Branch</u>, 886 F.2d at 1046.

As in the context of section 636(b)(1), we presume on appeal that the district court conducted the requisite de novo review, including review of the hearing transcript or tape. <u>See</u> <u>United States v. Lothridge</u>, 324 F.3d 599, 600 (8th Cir. 2003); <u>Jones</u>, 47 F.3d at 253. Azure bears the burden of negating the presumption of de novo review by providing affirmative evidence to the contrary. <u>Gonzales-Perez v. Harper</u>, 241 F.3d 633, 636 (8th Cir. 2001). We have previously held that the presumption that the district court conducted a de novo review is overcome where:

> 1) the hearing transcript was not available to the district court; 2) the district court gave no indication that it had listened to the tape of the hearing; and 3) the district court did not state that it had reviewed the file and records, but had only indicated review of the findings and rulings and the defendant's objections.

<u>Benitez</u>, 244 F. App'x at 66; <u>see</u> <u>Jones</u>, 47 F.3d at 253.

The <u>Jones</u> Court remanded the case because the hearing transcript was available at the time of the district court's review and the district court stated only that it had reviewed the magistrate judge's findings and recommendation and the objections thereto. 47 F.3d at 253. The <u>Benitez</u> Court stated,

> This case fall[s] squarely within <u>Jones</u>. The transcript was not available at the time of the district court's review, the district court did not state that it had listened to the tapes, and the district court did not state that it had reviewed the records or files. Under <u>Jones</u>, we cannot presume that the district court conducted the necessary review in light of these indications to the contrary.

244 F. App'x at 66. Azure asserts that Jones and Benitez dictate that de novo review was not had in this case. Therefore, we consider whether this case, like Benitez, "falls squarely within Jones." See id.

Here, Azure has shown the first two elements of Jones and Benitez as the district court did not have a transcript of the revocation hearing and did not indicate that he had listened to the tape of the hearing. However, with respect to the final element, the district court stated that it had "review[ed] . . . the record, pleadings, and affidavits filed . . . ." Thus, this case is distinguishable from both Jones and Benitez. Furthermore, Jones and Benitez do not support the broad reading urged by Azure that where, as here, there is no transcript of the hearing available, the district judge must affirmatively state on the record that he or she has listened to the recording of the hearing.[8] See Jones, 47 F.3d at 253; Benitez, 244 F. App'x at 66. Accordingly, we find that Azure has failed to overcome the presumption that de novo review was had.

## C.

Azure also argues that this case must be remanded for resentencing because the district court sentenced him without giving him the opportunity to allocute. The government does not contest that Azure possessed a right of allocution; however, it asserts that Azure waived this issue by failing to raise it in his opening brief. Azure concedes that he did not raise the allocution issue in his opening brief.

The right of allocution applies to supervised release revocation proceedings. United States v. Patterson, 128 F.3d 1259, 1260-61 (8th Cir. 1997) (per curiam); see United States v. Caffey, 351 F.3d 804, 804-05 (8th Cir. 2003) (per curiam) (reversing and remanding for resentencing following allocution because the district court failed

---

[8]Though not required by Jones or Benitez, a district court ought to do so in order to avoid any issue on appeal as to whether it properly reviewed the record.

to give defendant right of allocution at his sentencing on revocation of supervised release which is clear error). The denial of Azure's right to presentence allocution for the sentence imposed for revocation of supervised release is a "significant procedural error." See Gall v. United States, 552 U.S. ___, ___, 128 S. Ct. 586, 597 (2007); see also United States v. Desantiago-Esquivel, 526 F.3d 398, 401 (8th Cir. 2008) (determining that Gall's list of significant procedural errors is not exhaustive). However, because it is well settled that appellants must raise their issues on appeal in their opening briefs, Roemmich v. Eagle Eye Dev., LLC, 526 F.3d 343, 355 n.12 (8th Cir. 2008), Azure waived the allocution issue by failing to do so.

D.

Azure's final claim is that his sentence must be vacated because it violates Johnson v. United States, 529 U.S. 694 (2000). The Supreme Court clarified in Johnson that post-revocation sanctions are "part of the penalty for the initial offense"; they are not punishment for the offense which triggers the revocation. See id. at 700; see also United States v. Soto-Olivas, 44 F.3d 788, 790 (9th Cir. 1995) ("[T]he entire sentence, including the period of supervised release, is the punishment for the original crime, and it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release." (quotation omitted)). Azure contends that his sentence runs afoul of Johnson because his sentence constituted punishment for the state felony robbery conviction as opposed to his original conviction. If this were the case, Azure's sentence would raise "serious constitutional questions . . . ." See Johnson, 529 U.S. at 700.

Azure's relies on a portion of the district court's order which states that "the fact that Defendant was convicted of the crime of robbery is alone sufficient to render the sentence reasonable" for his contention that his sentence was actually a sentence for the state robbery charge. However, the district court also declared,

The facts attendant to the state robbery conviction are of limited importance to this Court's determination of the proper sentence to impose. . . . In short, the resolution of whether Defendant kicked, punched, or stole from the victim is immaterial to this Court's determination of the proper sentence; this Court is merely concerned [with] whether he was convicted of a violent felony, which would result in yet another violation of the terms of his supervised release.

As correctly noted by the district court, the robbery conviction was a Grade A violation of the terms of Azure's supervised release because it was a state crime punishable by a term of imprisonment exceeding one year that is a crime of violence. See United States Sentencing Commission, Guidelines Manual, § 7B1.1(a)(1)(i) (Nov. 2007). Viewing the district court's order as a whole, Azure's sentence was based on his violation of the terms of his supervised release, "part of the penalty for his initial offense," as required by Johnson. See 529 U.S. at 700.

IV.

The judgment of the district court is affirmed.

_____