# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3769

_____

United States of America,        *
                                  *

        Appellee,         *

                                  *    Appeal from the United States

      v.                 *    District Court for the

                                  *    Northern District of Iowa.

Jay Beane,               *

                                  *

        Appellant.       *

_____

Submitted: June 11, 2009
Filed: October 20, 2009

_____

Before MELLOY, BEAM, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jay Beane was convicted of conspiring to distribute, and possessing with intent to distribute, cocaine base (commonly known as "crack cocaine"). The district court[1] sentenced him to 300 months' imprisonment, and Beane appeals. He argues that the district court considered an improper factor in imposing his sentence, and that he should be resentenced in light of the Supreme Court's intervening decision in *Spears v. United States*, 129 S. Ct. 840 (2009) (per curiam). We affirm.

---

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

In March 2008, a grand jury returned a two-count indictment against Beane. Count 1 charged Beane with conspiring to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Count 2 charged him with possessing with intent to distribute five grams or more of crack cocaine, in violation of § 841(a)(1). The indictment gave notice that Beane was subject to increased punishment under 21 U.S.C. § 841(b) because of a prior conviction for a felony drug offense. *See* 21 U.S.C. § 851; *United States v. Roundtree*, 534 F.3d 876, 881 (8th Cir. 2008). After a trial, a jury found Beane guilty on both counts.

Beane's sentencing occurred in November 2008. Given his prior conviction for a felony drug offense, the statutory minimum sentences on Counts 1 and 2 were 120 months' and 240 months' imprisonment, respectively, and the statutory maximum sentence on each count was life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A), (B). The district court found that Beane was responsible for 806.43 grams of crack cocaine, and determined that his base offense level was 34 under USSG § 2D1.1(c)(3). After applying a three-level increase for an aggravating role in the offense, *see* USSG § 3B1.1, the court determined that Beane was a career offender under USSG § 4B1.1. Application of the career-offender guideline based on an offense statutory maximum of life imprisonment placed Beane's offense level at 37 and his criminal history category at VI. *Id.* § 4B1.1(b). The court calculated a corresponding advisory guideline range of 360 months' to life imprisonment.

Beane requested that the court vary downward to the statutory minimum sentence of 240 months' imprisonment. The court considered the factors set forth in 18 U.S.C. § 3553(a), and concluded by stating:

> So the Court believes that there's quite a bit of space for a downward variance, and the Court has heard what [defense counsel] said about going down to 240 months. I don't think that would stand up, and I think that the government would appeal it, and I think that it would just

be a year from now Mr. Beane would find out that he had to come back for longer sentence and so forth.

So while that may be tempting, it is not appropriate the Court doesn't feel. So what I'm going to do is sentence him to 300 months. That's 60 months or 5 years less than the guideline.

The court imposed a sentence of 300 months' imprisonment on each count, to be served concurrently.

Beane argues that the district court committed procedural error by considering an improper factor in imposing his sentence. According to Beane, the district court should not have considered whether a particular sentence would "stand up" on appeal. He contends that in light of the Supreme Court's decision in *Gall v. United States*, 128 S. Ct. 586 (2007), a district court's judgment about the appropriate sentence should not be influenced by concerns regarding how the sentence will be viewed on appeal.

We conclude that it was not error for the district court to consider whether a particular sentence would be reversed on appeal. As the Supreme Court explained in *Gall*, a district court must consider "all of the § 3553(a) factors to determine whether they support the sentence requested by a party," 128 S. Ct. at 596, and if the court concludes that a sentence outside the advisory range is warranted, then the court must "ensure that the justification is sufficiently compelling to support the degree of variance." *Id.* at 597. In determining whether a justification is "sufficiently compelling," it is permissible for the court to consult appellate decisions as a guide to the range of reasonableness in a particular case.

Appellate decisions – whether affirming a sentence as substantively reasonable, or reversing a sentence as substantively unreasonable – represent judgments about the application of the § 3553(a) factors to a particular set of facts. When confronted with a similar set of facts in a different case, a district court may rely on those judgments

-3-

in selecting the appropriate sentence. In doing so, the district court does not violate its statutory obligation to consider the factors set forth in § 3553(a), or to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]." 18 U.S.C. § 3553(a). Rather, because appellate decisions on the reasonableness of sentencing judgments necessarily embody application of the factors and purposes set forth in § 3553(a), consideration of such decisions may properly aid the district court's exercise of its sentencing discretion.

The underlying tenor of Beane's argument is that the district court was wrong to think that a 240-month sentence would have been reversed in this case as *substantively* unreasonable. We do not, however, issue advisory opinions whenever a district court muses about whether a hypothetical sentence not imposed would be sustained on appeal. In this case, we have no decision before us explaining why, after consideration of the § 3553(a) factors, a sentence of 240 months' imprisonment is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. Rather, the district court ultimately determined that a sentence of 240 months' imprisonment was "*not* appropriate," and that a term of 300 months should be imposed. We have no occasion to review whether the district court reasonably could have imposed a sentence that the court did not impose. The only question of substantive reasonableness presented by this judgment is whether a term of 300 months passes muster, and neither party says it does not.[2]

---

[2]In a post-argument submission, Beane points to *United States v. Smith*, 573 F.3d 639 (8th Cir. 2009), a case in which this court remanded for resentencing based in part on comments of the district court about the likelihood of reversal on appeal. In *Smith*, however, the defendant was sentenced prior to *Gall*, and the question was whether "the district court should have the opportunity to reconsider the sentence in light of *Gall*." *Id.* at 660. Here, the defendant was sentenced after *Gall*, and the district court was not laboring under a mistaken view of the basic legal framework that applies to sentencing decisions.

-4-

Beane also argues that the district court failed to appreciate the extent of its authority to vary from the 100-to-1 crack-powder ratio reflected in USSG § 2D1.1, the guideline used to determine his base offense level. He asserts that in light of this court's decision in *United States v. Spears*, 533 F.3d 715 (8th Cir. 2008) (en banc), which was the prevailing law at the time of his sentencing, the district court believed that it could vary from the crack-powder ratio based only on the circumstances of his particular case. Because the Supreme Court has since reversed the decision in *Spears*, and "clarif[ied] that district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines," 129 S. Ct. at 843-44, Beane contends that a remand for resentencing is appropriate. We disagree. Because Beane was sentenced as a career offender under USSG § 4B1.1, his offense level was determined by the statutory maximum penalty for the offense of conviction, not by § 2D1.1 and its crack-powder ratio. "Thus, it matters not how the district court might have understood its authority to vary from the crack-cocaine guidelines during the period when the en banc decision in *Spears* was controlling." *United States v. Gray*, 573 F.3d 947, 949 (8th Cir. 2009).

The judgment of the district court is affirmed.

_____