# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3040

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Stanton

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 11, 2015
Filed: May 20, 2015
[Unpublished]

_____

Before RILEY, Chief Judge, MURPHY and MELLOY, Circuit Judges.

_____

PER CURIAM.

Mark Stanton pled guilty to possession with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and

conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. The district court[1] sentenced Stanton to the statutory mandatory minimum sentence of 60 months. Stanton appeals, and we affirm.

In March 2010, Stanton arranged for the shipment of approximately 500 pounds of marijuana into the Cedar Rapids area. Once the marijuana arrived, Stanton traveled to Cedar Rapids to distribute it. Police received information from a confidential informant about the shipment and raided a storage unit used by Stanton where they recovered over 500 pounds of marijuana. Stanton pled guilty to possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and conspiracy to distribute marijuana in violation of 21 U.S.C. § 846.

The district court held a sentencing hearing in August 2014. The court determined that Stanton's total offense level was 23 and that he fell within criminal history category II. Stanton's advisory guideline range would have been 51 to 63 months, but a statutory mandatory minimum of 60 months imprisonment applied to his offense. Stanton admitted that the mandatory minimum applied regardless of his guideline range, but he nevertheless made a number of requests for downward variances and departures. The district court declined these requests, and Stanton's final guideline range was set at 60 to 63 months. See U.S.S.G. § 5G1.1(c)(2). He was sentenced to 60 months imprisonment and four years of supervised release.

Stanton appeals, arguing that the district court erred by stating that it would have imposed a 60 month sentence even if a statutory mandatory minimum had not applied to his offense. The district court made this statement in answer to a hypothetical posed by Stanton. He asked the court to consider his requests under the assumption that Congress was about to change the applicable mandatory minimum,

---

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

and the district court responded that it would still have imposed a 60 month sentence in that situation. Stanton argues that such a hypothetical sentence would have been too high if it had actually been imposed and that the district court should have granted his request for a two level downward variance because of anticipated amendments to the sentencing guidelines. He also claims that the district court should have granted a one point downward departure based on his age and declining health. While Stanton admits that a statutory mandatory minimum term of 60 months applies to his offense, he contends that his requests are not moot because Congress might pass a law reducing the applicable mandatory minimum.

Stanton's argument is not persuasive. A sentence that the district court might have imposed is irrelevant, and we "have no occasion to review whether the district court reasonably could have imposed a sentence that the court did not impose." United States v. Beane, 584 F.3d 767, 770 (8th Cir. 2009). We do not "issue advisory opinions whenever a district court muses about whether a hypothetical sentence not imposed would be sustained on appeal." Id. at 770. Stanton was subject to a mandatory minimum sentence, and the district court was not authorized to impose a lower sentence. See United States v. Williams, 474 F.3d 1130, 1132 (8th Cir. 2007).

We affirm the judgment of the district court.

_____