# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3525

_____

United States of America

*Plaintiff - Appellee*

v.

Mario Murillo-Mora

*Defendant - Appellant*

_____

No. 16-3570

_____

United States of America

*Plaintiff - Appellee*

v.

Gustavo Gonzalez-Torres, also known as Pee Wee

*Defendant - Appellant*

_____

No. 16-3663

_____

United States of America

*Plaintiff - Appellee*

v.

Jeff Richardson

*Defendant - Appellant*

————————

Appeals from United States District Court
for the Northern District of Iowa, Waterloo

————————

Submitted: June 5, 2017
Filed: July 25, 2017
[Unpublished]

————————

Before WOLLMAN, ARNOLD, and GRUENDER, Circuit Judges.

————————

PER CURIAM.

In this consolidated appeal, Mario Murillo-Mora, Gustavo Gonzalez-Torres, and Jeff Richardson appeal their sentences after pleading guilty to various drug-trafficking offenses. Murillo-Mora claims that the district court abused its discretion when it denied his motion to compel the Government to move for a sentence reduction because the motion failed to comply with local rules. He also contends that the district court failed to afford him his right to allocution and that a remand for resentencing is thus required. Gonzales-Torres argues that his sentence is substantively unreasonable because the district court placed undue weight on purportedly unproven allegations that he trafficked in drugs while on pretrial release from a related drug-trafficking case. Richardson asserts that the district court improperly commented on how possible future career-offender guideline amendments would not change its determination that 262 months' imprisonment was an

appropriate sentence. We affirm except for Murillo-Mora's allocution claim, for which we vacate his sentence and remand for resentencing.

Between the spring of 2013 and May 2015, Murillo-Mora operated a large-scale drug-trafficking organization responsible for distributing significant quantities of methamphetamine in central and eastern Iowa. Murillo-Mora received monthly shipments of "ice" methamphetamine from multiple sources. Once the methamphetamine arrived in Marshalltown, Iowa, he relied on a network of distributors and individuals to sell the drugs. Richardson and Gonzalez-Torres were among those involved in Murillo-Mora's drug-trafficking operation.

Beginning in January 2015, law enforcement officials obtained authorization to intercept Murillo-Mora's wire and electronic communications. A number of drug-related communications implicated Richardson and Gonzalez-Torres, who was on pretrial release from a related drug-trafficking offense in the Southern District of Iowa. The defendants were arrested shortly thereafter.

Murillo-Mora pleaded guilty to conspiracy to distribute methamphetamine—in violation of 21 U.S.C. §§ 841(a)(1) and 846—and conspiracy to commit money laundering—in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), (B)(i). Shortly before Murillo-Mora's sentencing hearing, the Government notified Murillo-Mora and the district court that it would not be filing a motion for sentence reduction pursuant to United States Sentencing Guideline ("U.S.S.G.") § 5K1.1. The Government explained that while Murillo-Mora executed a cooperation plea agreement and initially worked with the Government in order to obtain a sentence reduction for substantial assistance, he recently had "den[ied] and minimize[d] the involvement of many people in this conspiracy" such that "he [was] completely not usable in any type of capacity as a cooperating individual." Murillo-Mora's counsel filed a motion to compel, requesting that the district court compel the Government to file a motion for sentence reduction. The district court struck Murillo-Mora's motion to compel

because his counsel did not file an accompanying brief with the motion and thus failed to comply with the local rules. After striking the motion to compel, the district court heard argument on Murillo-Mora's separate motion for a downward variance and concluded that a variance was not warranted. Before imposing a within-guidelines 262-month sentence, the district court did not provide Murillo-Mora the opportunity to address the court.

Murillo-Mora raises two arguments on appeal. He first argues that the district court abused its discretion in denying his motion to compel based on his failure to comply with the local rules. *See Nw. Bank and Tr. Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003) ("We review the district court's application of its local rules for an abuse of discretion." (citation omitted)). Rule 7(d) of the Local Rules for the District Courts for the Northern and Southern Districts of Iowa provides that "[f]or every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies." Murillo-Mora's counsel acknowledges that he failed to comply with Rule 7(d) but argues that he incorporated the required information in his motion to compel such that an additional brief was unnecessary.

We find no abuse of discretion. Because Murillo-Mora's counsel concedes that he did not comply with the applicable local rule, the district court had a proper basis to deny the motion to compel, as "[r]ules of practice adopted by United States District Courts have the force and effect of law," and "[i]t is for the district court to determine what departures from its rules may be overlooked." *Braxton v. Bi-State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir. 1984); *see also Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) (finding that the district court did not abuse its "broad discretion" in enforcing local rules and holding a party to filing deadlines, even though doing so resulted in granting opposing party summary judgment).

Next, Murillo-Mora contends that his sentence must be vacated because he was denied his right to allocute. Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) states that "[b]efore imposing sentence, the court must: . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." The Supreme Court has explained that "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself," *Green v. United States*, 365 U.S. 301, 304 (1961) (plurality opinion), and we have held that "[i]t is now well settled that failure to comply with [Rule 32's] requirement requires a remand for resentencing," *United States v. Walker*, 896 F.2d 295, 301 (8th Cir. 1990). Therefore, "[t]he failure to give a defendant the right of allocution 'is clearly error and must be reversed.'" *United States v. Caffey*, 351 F.3d 804, 805 (8th Cir. 2003) (per curiam) (quoting *United States v. Washington*, 255 F.3d 483, 487 (8th Cir. 2001)). We accordingly vacate Murillo-Mora's sentence and remand for resentencing following allocution.

Gonzalez-Torres also pleaded guilty to conspiracy to distribute methamphetamine. The parties agreed that Gonzalez-Torres had a total offense level of 31 and a criminal history category of III, resulting in an advisory sentencing guidelines range of 135 to 168 months' imprisonment. The district court considered Gonzalez-Torres's motion for a downward variance and analyzed his personal history and characteristics, his criminal history, his substance abuse history, and the fact that he committed the instant offense while on pretrial release. The court found that "Gonzalez-Torres is at high risk to recidivate based on his criminal history, his performance while on supervision in the Southern District of Iowa, and the fact that he got right back into the drug trade after being prosecuted in the Southern District of Iowa." The court then imposed a 168-month sentence.

Gonzalez-Torres asserts that his sentence is substantively unreasonable because there was insufficient evidence that he dealt drugs while on pretrial release and even

if he was dealing drugs, the district court placed excessive weight on this factor. We review a sentence's substantive reasonableness for an abuse of discretion, which occurs when a district court "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotations omitted).

Gonzalez-Torres argues that there was no evidence that he dealt drugs while on pretrial release because his communications with Murillo-Mora could have related to purchasing methamphetamine for his own personal use. While it is true that the Pre-Sentence Investigation Report ("PSR") did not summarize the content of the drug-related communications, the PSR also noted that continuing through May of 2015, after Gonzalez-Torres's arrest and release, "Murillo-Mora arranged the details of the drug transactions, [and] [Gonzalez-Torres] would distribute the methamphetamine in various quantities, ranging from a quarter pound to four pounds, to Murillo-Mora's customers." Gonzalez-Torres did not object to these facts in the PSR. *See United States v. Oaks*, 606 F.3d 530, 541 (8th Cir. 2010) ("[U]nless a defendant objects to a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." (quotation omitted)). Thus, the district court properly found that Gonzalez-Torres "got right back into the drug trade after being prosecuted in the Southern District of Iowa."

Given these facts, the district court did not abuse its discretion in considering Gonzalez-Torres's drug dealing while on pretrial release in the Southern District of Iowa. The court analyzed this factor alongside the other appropriate § 3553(a) factors, such as Gonzalez-Torres's history and characteristics, criminal history, and substance abuse history. Thus, at bottom, Gonzalez-Torres's contention is that the district court weighed the relevant factors differently than he would have. For the

district court's sentencing decision to be an abuse of discretion, however, Gonzalez-Torres "must show more than the fact that the district court disagreed with his view of what weight ought to be accorded certain sentencing factors." *See United States v. Townsend*, 617 F.3d 991, 995 (8th Cir. 2010). "The district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal." *United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010). Therefore, Gonzalez-Torres failed to show that the district court committed a clear error of judgment in weighing the appropriate factors. As a result, the district court did not abuse its discretion in sentencing Gonzalez-Torres to 168 months' imprisonment. *See United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016) ("[A] within-Guidelines sentence is presumptively reasonable." (citation omitted)).

Richardson also pleaded guilty to conspiracy to distribute methamphetamine. He qualified as a career offender pursuant to U.S.S.G. § 4B1.1, and the district court determined that his advisory sentencing guidelines range was 262 to 327 months' imprisonment. The court then heard arguments for and against a downward variance and found that the § 3553(a) factors weighed against one. Anticipating possible amendments to the career-offender provision of the sentencing guidelines, the district court went on to say:

> I am of the view that in the future there's going to be a movement to curtail or to reduce the individuals that are by definition career offenders. So I want to make the record now that if in the future the sentencing commission, Department of Justice, Congress finds that career offender law changes should be made and they're made retroactive, I would still impose the very same sentence that I'm imposing today. And this is the reason: Defendant is a criminal recidivist. Defendant is a recidivist drug dealer. Defendant's criminal history is 6 with criminal history points of 17. That's 3 more than are necessary to be criminal history category 6. . . . So regardless of what

the Congress or the sentencing commission does on career offender guidelines, the sentence would be the same.

The court concluded by sentencing Richardson to 262 months' imprisonment. Richardson objected to the district court's comments, arguing that it was inappropriate to refuse to apply prospective guideline amendments that were not yet enacted. The district court denied his objection.

On appeal, Richardson does not challenge the substantive reasonableness of his actual sentence. Rather, he claims that prejudging possible guideline amendments is an abuse of discretion. We are unpersuaded. Because the Sentencing Commission has yet to enact any changes, the district court's comments are irrelevant. "We have no occasion to review whether the district court reasonably could have imposed a sentence that the court did not impose." *United States v. Beane*, 584 F.3d 767, 770 (8th Cir. 2009). We do not "issue advisory opinions whenever a district court muses about whether a hypothetical sentence not imposed would be sustained on appeal." *Id.* at 769. Indeed, in *United States v. Stanton*, 604 F. App'x 524, 525 (8th Cir. 2015) (unpublished), the defendant argued that the district court abused its discretion by noting that it would have imposed the same mandatory-minimum sentence even if Congress passed a law reducing the applicable mandatory minimum. We rejected the challenge because the musings were "irrelevant" given that the defendant admitted his actual sentence at the mandatory minimum was valid. *Id.* Accordingly, we also decline to engage in any speculation regarding stray comments when an actual sentence is uncontested and thus reject Richardson's claim.

For the aforementioned reasons, we affirm the district court on all issues except as to Murillo-Mora's allocution claim. We vacate Murillo-Mora's sentence and remand the matter to the district court for resentencing following allocution.

_____