Sean PROA, et al., Plaintiffs

v.

**NRT MID ATLANTIC INC.**
**et al., Defendants.**

Civil Action No. AMD 05–2157.

United States District Court,
D. Maryland.

April 20, 2009.

Clayborne E. Chavers, The Chavers Law Firm PC, Patrick J. Massari, Law Office of Patrick J. Massari, Washington, DC, Sheryl Satzberg Levy, William Thad-

deus Coleman, III, Berger and Montague, Philadelphia, PA, for Plaintiffs.

Erik Christian Johnson, Joseph P. Harkins, Steven E. Kaplan, Littler Mendelson PC, Washington, DC, for Defendants.

## MEMORANDUM OPINION and ORDER

ANDRÉ M. DAVIS, District Judge.

The parties here have been litigating this employment discrimination case since August 2005. Now pending is plaintiffs' motion to vacate the appointment of Magistrate Judge Susan K. Gauvey to manage discovery and to vacate all discovery rulings made by Judge Gauvey. Resolution of the motion hinges on two issues: (1) whether a district court judge, when referring a case to a magistrate judge for discovery purposes, must assign the case to a particular magistrate judge, or whether that judge can refer the case generally, while permitting the clerk (or the Chief Magistrate Judge) to randomly assign the matter to any available magistrate judge; and (2) whether the fact that Judge Gauvey both managed discovery and also conducted mediation sessions in this case somehow created an appearance of bias,

such that her discovery rulings are tainted. For the reasons explained below, the motion shall be denied because: (1) a district court judge may generally refer a case to any available magistrate judge, leaving to another a specific assignment to a named magistrate judge; and (2) Judge Gauvey's dual role did not violate any legal standards and, manifestly, did not prejudice plaintiffs.[1]

### I.

Plaintiffs Sean Proa, Margaret Jordan, and Gary S. Schiff, real estate agents in Maryland, initially filed their complaint in this court on August 8, 2005. On December 3, 2007, I referred the management of discovery in this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Under this court's customary system, where magistrate judge referrals are completed by way of random assignment by the clerk's office, the referral was made to Chief Magistrate Judge Paul W. Grimm. Accordingly, although I did not refer this case to any particular magistrate judge (as the district judges on this court almost never do), the docket reflected that I referred the case to Judge

---

1. Defendants request reimbursement for the fees and costs associated with preparing their opposition to plaintiffs' motion. They argue that the motion arises from plaintiffs' initial motion to compel, as to which Judge Gauvey ruled substantially in favor of defendants, awarding fees and costs, and that they should be awarded attorney's fees due to this link pursuant to Rule 37. Rule 37(a) provides, in pertinent part:

   If the [motion to compel] is denied, the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees ... [unless] the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(B).

The court agrees with defendants that there is a sufficient link here. Since this motion arises from the initial discovery motion, defendant may be entitled to attorney's fees. *See Rickels v. City of South Bend, Ind.,* 33 F.3d 785, 786 (7th Cir.1994) (explaining that losers in discovery disputes pay for the costs and attorney's fees as a matter of course). Additionally, plaintiffs had—and forewent—its opportunity to reply to defendant's request for attorney's fees and costs by not responding to it in their reply.

Accordingly, subject to the court's final review of plaintiffs' objections to the discovery rulings which underlie the instant motion, the court will reserve on defendants' request for attorney's fees.

Grimm because the clerk's office automatically inserted. Judge Grimm's name into my referral order.

In this particular case, Chief Magistrate Judge Grimm exercised his discretion and, in collaboration with the clerk's office, referred the case to another magistrate judge. As part of his duties as Chief Magistrate Judge, Judge Grimm monitors the work-load of each magistrate judge and balances out the referrals as to number and type. During the month that I referred this case, Judge Grimm had already received two discovery referrals. Since other magistrate judges had not yet received any discovery referrals that month, the case was reassigned to Judge Gauvey in order to balance the workflow. This transfer is reflected in the court's internal docketing system.[2]

Judge Gauvey of course accepted the assignment and undertook to manage discovery. Meanwhile, on February 7, 2008, plaintiffs requested that I refer the case for mediation/settlement. Defendants consented to participate in mediation, and I referred the case to Judge Gauvey for settlement. Judge Gauvey conducted mediation proceedings on March 10, 2008. The parties did not reach an agreement, and Judge Gauvey continued to work diligently on the discovery issues in her capacity as discovery magistrate. At this point, and for the next three months, plaintiffs said nothing about Judge Gauvey's dual role as discovery and settlement magistrate judge.

On June 3, 2008, Judge Gauvey issued an order regarding discovery as well as later orders regarding attorney's fees. She ruled in favor of defendants in most respects. Plaintiffs have timely noted objections to her rulings and their objections are pending before me.

More than a week after filing their objections to Judge Gauvey's discovery rulings, plaintiffs filed the instant motion to vacate the appointment of Judge Gauvey and to vacate all of her discovery rulings. Plaintiffs argue that Judge Gauvey "lacked jurisdiction" to decide discovery issues because the referral was made by a deputy clerk who lacked the proper authority to change the referral from Judge Grimm to Judge Gauvey, and furthermore, that the dual appointment of Judge Gauvey as discovery and magistrate judge gives the appearance of bias.

## II.

Plaintiffs seem to insist that the issue presented is one of "jurisdiction." Plainly, however, their claim identifies a procedural issue, and one without merit. Arguably, the claim is frivolous, deserving of sanctions. At bottom, it is little more than a last-ditch effort to evade the consequences of Judge Gauvey's rulings.

When a district court judge refers non-dispositive issues to a magistrate judge, defects in the order of referral are curable procedural matters. *United States v. Bolivar–Munoz*, 313 F.3d 253, 256 (5th Cir.2002); *see also United States v. Azure*, 539 F.3d 904, 908–910 (8th Cir. 2008) (holding that lack of a proper magistrate referral in a case arising under 18 U.S.C. § 3401(I) (2000) constitutes a procedural, and not a jurisdictional, error). In *Bolivar–Munoz*, a district court judge failed to enter referral orders until after the defendants (who all properly consented) entered their guilty pleas and the magistrate judges issued their reports and rec-

---

**2.** Plaintiffs also attempt to make an intent-based argument against the appointment of Judge Gauvey as discovery magistrate judge. Plaintiffs theorize that the record "suggests that Judge Davis may not have even been aware of the removal of Magistrate Grimm" and the appointment of Judge Gauvey. Paper # 188 at 9. This assertion is manifestly misguided, facially ridiculous, and flatly wrong.

ommendations. *Bolivar–Munoz*, 313 F.3d at 254. The defendants appealed, arguing that the magistrate judges lacked jurisdiction because they had acted prior to when the district judge entered the proper referral order. *Id.* at 255.

The Fifth Circuit held that the error was procedural, not jurisdictional. *Id.* at 257. The Fifth Circuit framed the issue as whether "the duty assigned to a magistrate judge is subject to meaningful review by a district judge." *Id.* at 256; *see United States v. B & D Vending, Inc.*, 398 F.3d 728, 732–33 (6th Cir.2004) (adopting the Fifth Circuit's analytical framework and holding that a magistrate judge's factual findings and recommendations were not invalid even though the magistrate held a hearing before a proper referral was entered because the outcome was subject to meaningful review). The court then reviewed the differences between dispositive and non-dispositive referrals to magistrate judges under 28 U.S.C. § 636, and explained that defects in the referral of non-dispositive are procedural matters and not jurisdictional issues because the district court judge maintains a meaningful review of the decisions. *Bolivar–Munoz*, 313 F.3d at 256–57.

Here, as in *Bolivar–Munoz*, the issue raised by plaintiffs is properly categorized as procedural one. Plaintiffs contest whether I properly referred the case to Judge Gauvey for discovery, and since discovery is a non-dispositive issue, the issue is clearly procedural, not jurisdictional.

### III.

◼ From a procedural standpoint, the court did not err. The law does not require that a district court judge refer a case to a specific magistrate judge. In fact, the Local Rules of this court specifically state that "cases referred to a Magistrate Judge shall be randomly assigned." D. Md. Loc. R. 301(4). Generally speaking, parties have no statutory right or privilege to demand that their case be handled by a particular magistrate judge. To argue that my intent was frustrated by the appointment of a specific magistrate judge defies logic in light of the fact that the full-time magistrate judges are, by local rule, randomly assigned to handle referrals. The court's local rules permit any full-time Magistrate Judge to hear and determine any pretrial matter pending before the court, D. Md. Loc. R. 301(5)(a), and that is precisely what happened in this case.

### IV.

◼ Plaintiffs also allege that Judge Gauvey's dual role as both discovery magistrate and settlement magistrate generates some issue of bias or conflict.[3] This is not true. Even plaintiffs concede that there is no law requiring that the court assign one magistrate to discovery issues and a different magistrate to settlement issues. Plaintiffs state that "there is no absolute requirement that the function of the 'discovery' magistrate and the 'settlement magistrate' always be strictly separated." (Paper 188 at 10.)

Plaintiffs cannot support their assertion because no support exists for the proposition that Judge Gauvey cannot legally serve as both discovery magistrate and settlement magistrate.[4] In fact, precedent supports the opposite argument.

---

**3.** Plaintiffs should have brought this matter to the attention of the court after Judge Gauvey conducted the settlement negotiations and before she issued her discovery rulings. Plaintiffs' decision to wait until after Judge Gauvey issued her discovery rulings, approximately three months after the mediation proceedings, suggests that plaintiffs are motivated by the outcome of Judge Gauvey's opinion, and not by the process that gave rise to it.

**4.** In attempting to support their assertions, plaintiffs cite dicta from *Black v. Kendig*, 227 F.Supp.2d 153, 156 (D.D.C.2002). In *Black*,

Generally speaking, a magistrate judge must only be disqualified if "a reasonable factual basis exists for doubting that judge's impartiality." *In Re Beard,* 811 F.2d 818, 827 (4th Cir.1987). The inquiry is whether "a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *Id.* at 827. Further, the factual basis must "derive from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge from his or her participation in this matter." *Id.* Perhaps must importantly, a judge is not disqualified when his or her "familiarity with the facts of a case stem from his judicial conduct in presiding over earlier proceedings." *Id.* at 827. Here, plaintiffs' entire argument rests on Judge Gauvey's familiarity with the facts—a familiarity that stems from her experience when she presided over the settlement conference. Under Fourth Circuit law, that is explicitly *not* a legitimate reason to disqualify her.

In sum, plaintiffs have failed to cite a single case where a magistrate judge's rulings were vacated under a disqualification theory, let alone a theory that a magistrate judge is not permitted to handle both the discovery and settlement roles in a single case. Plaintiffs acquiesced in Judge Gauvey's dual rule for months; they only found fault when her rulings on discovery disputes, reached after her full and ma-

ture, and *impartial,* consideration of the parties' contentions was not to their liking. The court *will not, dare not,* indulge such gamesmanship. Indeed, for the reasons explained, the law rejects it.

## V.

For the reasons stated, plaintiffs' motion to vacate (Paper No. 188) is DENIED and motion to stay (Paper No. 206) is likewise DENIED.

---

the issue was whether a magistrate judge should recuse himself when he was asked to resolve a dispute about the intention of the parties during a settlement discussion that he presided over in the past. *Id.* at 155. In other words, the dispute was not about whether a magistrate judge should handle *discovery* and settlement, but instead about whether one should handle *trial* and settlement. Moreover, the magistrate judge faced a real possibility that he would be called as a witness in the trial, a dispositive issue not in play here. Thus, *Black* is neither binding nor

on point. Other cases cited by plaintiffs are similarly distinguishable on their facts. *See, e.g., U.S.A. v. Bryson,* 981 F.2d 720 (4th Cir. 1992) (addressing the consent provision of the Federal Magistrate Act and finding that a magistrate judge did not have jurisdiction to determine a post-trial proceeding without the consent of the criminal defendant).

