**Sean PROA, et al., Plaintiffs**

v.

**NRT MID ATLANTIC, INC., et al., Defendants.**

**Civil Action No. AMD 05–2157.**

United States District Court, D. Maryland.

July 1, 2009.

Clayborne E. Chavers, The Chavers Law Firm PC, Patrick J. Massari, Law Office of Patrick J. Massari, Washington, DC, Sheryl Satzberg Levy, William Thaddeus Coleman, III, Berger and Montague PC, Philadelphia, PA, for Plaintiffs.

Paul J. Kennedy, Erik Christian Johnson, Joseph P. Harkins, Steven E. Kaplan, Littler Mendelson PC, Washington, DC, Cristina M. Rodriguez, Bank of America, Charlotte, NC, for Defendants.

## MEMORANDUM OPINION and ORDER

ANDRE M. DAVIS, District Judge.

Plaintiffs are three real estate agents who sought damages and other relief based on, *inter alia*, claims for racial and religious discrimination. On May 27, 2009, this court granted summary judgment to the defendants on all federal claims and dismissed without prejudice all state law claims for lack of jurisdiction. *Proa v. NRT Mid Atlantic, Inc.*, 618 F.Supp.2d 447 (D.Md.2009). In addition, this court overruled plaintiffs' objections to two orders awarding fees and costs pursuant to Fed.R.Civ.P. 37(a)(5)(B) entered by Magistrate Judge Susan K. Gauvey, to whom the court assigned the management of discovery. Now pending is plaintiffs' motion for reconsideration of the order overruling objections to the magistrate judge's award of fees and costs. No hearing is needed. For the reasons stated below, the motion for reconsideration is granted insofar as the court found the objections to be untimely, but is otherwise denied.

## I.

Plaintiffs vigorously litigated every conceivable issue in this case, regardless of its merit, and in particular they waged a prolonged mini-war over one discovery dis-

pute after another. *Cf., e.g., Proa v. NRT Mid Atlantic, Inc.,* 608 F.Supp.2d 690 (D.Md.2009) (ruling that a magistrate judge's dual role as mediator and arbiter of discovery issues did not give rise to a bias or conflict that warranted vacating magistrate judge's appointment and all discovery rulings made by magistrate judge). During the litigation, Magistrate Judge Gauvey skillfully and tirelessly addressed the raft of discovery issues generated by plaintiffs' desperate attempts to uncover probative evidence critical to their claims (e.g., plaintiffs identified a remarkable 214 "enumerated topics" in respect to Rule 30(b)(6) depositions).

In my summary order of May 27, 2009, I overruled plaintiffs' objections to two awards by Judge Gauvey of attorney's fees and costs pursuant to Fed.R.Civ.P. 37(a)(5)(B) in favor of defendants. The first, filed on February 13, 2009, made an award of fees and costs related to discovery disputes over medical records and claims of privilege. Plaintiffs filed objections 18 days later, on March 3, 2009. The second ruling, filed on April 7, 2009, made an award of fees and costs related to disputes over 30(b)(6) depositions. Plaintiffs filed objections 16 days later, on April 23, 2009.

In the prior order, I adopted the substance of Judge Gauvey's discovery opinions and orders in full, stating that "said rulings and determinations are hereby adopted as the orders of this court." I also concluded, however, that plaintiffs' objections were untimely. I am now persuaded that my latter conclusion was erroneous.

Under Fed.R.Civ.P. 72(a), plaintiffs were entitled to 10 days to file their objections:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. *A party may serve and file objections to the order within 10 days after being served with a copy.* A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a) (emphasis added). Excluding holidays and weekends (as mandated by Rule 6(a)(2)), plaintiffs waited 11 days before filing objections to Judge Gauvey's February 13, 2009, order and 12 days before filing objections to her April 7, 2009, order.

In their motion for reconsideration, plaintiffs contend they were entitled to an extra three days to file objections under the federal rules. If they are correct, then their objections would have been timely filed.

In support of their argument that their objections were timely, plaintiffs rely on Rules 6(d) and 5(b)(2)(E). Rule 6(d) grants three extra days to the computation of time dictated under Rule 6(a): "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) [relating to service by mail], (D), (E) [relating to service by electronic means], or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed.R.Civ.P. 6(d). Rule 5(b)(2)(E) specifies one of the situations where Rule 6(d) applies: "A paper is served under this rule by . . . (E) sending it by electronic means if the person consented in writing." Fed.R.Civ.P. 5(b)(2)(E). Plaintiffs argue that the term "electronic means" in Rule 5(b)(2)(E) applies to Judge Gauvey's orders awarding fees and costs to defendants because she

filed the orders electronically, via CM/ECF.

The issue of the proper interplay between Rule 72(a)'s ten-day period for filing objections to a magistrate judge's order, Rule 6(a)(2) (providing for the exclusion of "intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days"), and .Rules 6(d) and 5(b)(2)(C) and (E), has been the subject of considerable judicial examination. *See Mullins v. Hinkle,* 953 F.Supp. 744, 746–48 (S.D.W.Va.1997) (collecting cases); *THK America, Inc. v. NSK, Ltd.,* 157 F.R.D. 651 (N.D.Ill.1994) (concluding that intervening weekends are not excluded under Rule 6(a)(2) where magistrate judge mailed his order because, by virtue of the additional three days allowed by Rule 5(b)(2), the period to file objections was 13 days, not ten days), *abrogated in Lerro v. Quaker Oats Co.,* 84 F.3d 239, 241–42 (7th Cir.1996) (Easterbrook, J.) (holding that, in respect to delivery by mail as allowed by Rule 5(b)(2)(C), intervening weekends are excluded, notwithstanding the addition of three days allowed by Rule 6(e)); *see also Tushner v. U.S. Dist. Court for the Cent. Dist. of California,* 829 F.2d 853 (9th Cir.1987) (Kennedy, J.) (similar, granting mandamus, with respect to ten day period for requesting jury trial as permitted by Fed.R.Civ.P. 81).

■ Having considered these authorities, I agree that I erred in finding that plaintiffs' objections were untimely. One might reasonably question whether the treatment (in Rule 5(b)(2)(E)) of court filings by magistrate judges of their orders in the court's CM/ECF system constitutes "service" of the order. *But see* Fed. R.Civ.P. 72(a) ("A party may serve and file objections to the order within 10 days after being *served* with a copy [of a magistrate judge's order].") (emphasis added). Further, one could question whether such CM/ECF "service" should be treated as "service" "by mail." Nevertheless, there is no good reason to call into question the emerging judicial consensus exemplified in the cases cited *supra.* (Of course, should the Supreme Court's proposed amendments to the federal rules respecting "time" take effect as expected on December 1, 2009, ten day periods will become 14 day periods and the concern discussed here will not arise. *See* Proposed Amendments Submitted to Congress (March 2009), www.uscourts.gov/rules/supct0309.html.).

## II.

My alternative (though admittedly only implicit) conclusion that, even if plaintiffs' objections were timely, I find no defect whatsoever in Judge Gauvey's February 13, 2009, and April 7, 2009, orders, is here reiterated.

A magistrate judge order on a non-dispositive motion (such as discovery motions) will be set aside only if the district court finds that the determination was "clearly erroneous" or "contrary to law." Fed. R.Civ.P. 72(a); *see Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied,* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987). A finding is "clearly erroneous" when although there is evidence to support it, the court, on reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Harman v. Levin,* 772 F.2d 1150, 1152 (4th Cir.1985).

■ Rule 37 of the Federal Rules of Civil Procedure governs here. Rule 37(a)(5)(A)(ii) provides that in motions to compel discovery, a district court *must* award the prevailing party its reasonable

expenses, including attorney's fees, unless one of three exceptions applies. The exception relied on by plaintiffs here is that the positions they took in the underlying disputes over discovery were "substantially justified." A legal position is "substantially justified" if there is a "genuine dispute" as to proper resolution or if "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Decision Insights, Inc. v. Sentia Group, Inc.,* 311 Fed.Appx. 586 (4th Cir.2009) (citing *Pierce v. Underwood,* 487 U.S. 552, 565–66 n. 2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). As the losing parties, plaintiffs had the burden to demonstrate that their requests and positions were substantially justified. *See Humphreys Exterminating Co. v. Poulter,* 62 F.R.D. 392, 394 (D.Md.1974) (noting a party's failure to explain its inaction did not constitute "substantial justification").

### A.

■ Plaintiffs first argue that two of Judge Gauvey's February 13, 2009, rulings were erroneous or contrary to law, and that therefore she could not award fees and costs based on those rulings. The first involved a request for the physical and psychological medical records of defendant Angela Shearer, and the second focused on plaintiffs' motion to compel production of documents in the face of defendants' privilege claims. This court has carefully assessed Judge Gauvey's rulings in those regards and entirely agrees with and endorses her analysis, her findings, and her conclusions.

Plaintiffs also claim that Judge Gauvey's calculation of reasonable attorneys' fees was erroneous. They are wrong. Judge Gauvey appropriately determined attorney's fees. Fed.R.Civ.P. 27 ("the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). She adhered to the proper precedent, *see Daly v. Hill,* 790 F.2d 1071 (4th Cir.1986), and specifically reviewed the reasonableness of the rates charged and the reasonableness of the hours billed as stipulated under this court's guidelines. The amount of the award was entirely reasonable.

### B.

In her April 7, 2009, order, Judge Gauvey again addressed whether some of plaintiffs' litigation positions were "substantially justified." She evaluated three issues that plaintiffs argued precluded an award of fees and costs: (1) that defendants failed to satisfy the "meet and confer" requirement of Local Rule 104(7); (2) that defendants were not "prevailing parties" in the underlying discovery disputes; and (3) that defendants were not entitled to award of fees and costs incurred in connection with the preparation of status reports necessitated by Judge Gauvey's management of the complex discovery disputes plaintiffs generated. Judge Gauvey found that none of these contentions had merit, that plaintiffs had utterly failed to establish "substantial justification," and awarded defendants fees and costs. Having carefully reviewed the record, I wholly agree with her findings and conclusions and adopt her order as the order of this court.

### III.

As this court's prior opinions in this action attest, and as Judge Gauvey correctly observed: "This is really a rather simple and straightforward case." Gauvey, J., Mem. Op. and Order, June 20, 2008, Docket No. 148, at 31. Regrettably,

Judge Gauvey was also quite right in the following lament, appearing some 70 pages later in that same Order:

> Plaintiffs' discovery requests have been massive and ill focused to the fact allegations and claims in this complaint. As the rulings herein indicated, only a fraction were found meritorious. Even where the Court granted plaintiffs some relief, it was not based on their arguments and slim-to-none pertinent authority, but largely on an independent look at the disputed discovery in light of the reasonable needs of the case as brought. In ruling on these motions, the undersigned read close to a foot of memoranda and exhibits, much of it repetitive and highly argumentative with little clarity as to the issues and little citation to relevant, governing authority. Obviously, this took hours and hours—indeed days and days—of my time, that of my law clerk and assistant.

*Id.* at 101–02.

For the reasons stated herein and throughout the record of these proceedings, plaintiffs' motion for reconsideration is GRANTED IN PART, INSOFAR AS THE PRIOR ORDER OF THIS COURT CONCLUDED THAT PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S AWARD OF FEES AND COSTS WERE UNTIMELY, BUT IS OTHERWISE DENIED.